FOULKS *v.* STATE SAVINGS BANK OF ANN ARBOR.

WILLS—MUTUAL WILLS—SPECIFIC PERFORMANCE OF CONTRACT.
  Plaintiff, beneficiary remainderman under separate but mutual wills of his parents, established prima-facie case for specific performance of their contract to leave him their property upon the death of the survivor by such wills disclosing their intent to contract in such manner as to make both instruments irrevocable from and after the death of either, which was not qualified or destroyed by evidence presented by scrivener as to their intent not to make joint and mutual wills.

Appeal from Washtenaw; Andrews (Mark S.), J., presiding. Submitted October 12, 1960. (Docket No. 77, Calendar No. 47,511.) Decided December 2, 1960.

Bill by Harold Foulks against State Savings Bank of Ann Arbor for specific performance, as a contract, of provision contained in mutual wills to devise and bequeath property. Bill dismissed. Plaintiff appeals. Reversed and remanded.

*Harold E. Bledsoe* and *William F. Bledsoe,* for plaintiff.

*Roscoe O. Bonisteel* and *Roscoe O. Bonisteel, Jr.,* for defendant.

PER CURIAM. This bill for specific performance of an averred testamentary contract was dismissed on motion at the close of plaintiff's case. We find, for presently stated reasons, that the proof made a

REFERENCES FOR POINTS IN HEADNOTES
57 Am Jur, Wills § 717.
Joint, mutual, and reciprocal wills. 169 ALR 9.

*prima facie* case for relief as prayed and that reversal and remand are consequently in order.

Stated and accepted question No. 1 presents the sole issue which, at this stage, is properly open for decision. The question:

"Do the instruments purporting to be the mutual wills of John and Annie Foulks, executed on September 6, 1952, incorporate a valid contract obligating the survivor to them to make a devise of their property owned by them at the death of one of them, to appellant?"

We answer in the affirmative, subject of course to that which on remand may be made to appear in bar of specific performance. Here are the essential facts.

Plaintiff is the son of John and Annie Foulks. John and Annie deceased testate, having executed separate but mutual wills. Each instrument is a duplicate of the other. Each was prepared and executed at the same time in accord with statutory formalities. Each contains the following clause:

"In consideration of the agreement between myself and my husband, John Foulks [the other instrument at this point reads 'my wife, Annie Foulks'], to each make a will leaving all the property, real or personal, owned by us at the time of my death, to the survivor of ourselves for his or her lifetime, and the remainder to our son, Harold A. Foulks, Sr., I hereby give, devise and bequeath all interest I may have in any property, real or personal, or in any real property that may have been sold on land contract that may be owned by us at the time of my death unto my husband, John Foulks [the other instrument at this point reads 'my wife, Annie Foulks'], for his [her] lifetime."

Annie died first. Her will was filed for probate but the proceeding was not pursued. After her

death John executed a second will, disavowing the first above. This last instrument, which was filed for and admitted to probate after John's death, named plaintiff's 3 minor children as beneficiaries. Its recitals do not compliment plaintiff. Not liking John's second will, plaintiff seeks by this proceeding to establish and enforce a mutual-will contract, which contract he says was made for his benefit by the 2 first-mentioned instruments.

The chancellor relied particularly on the testimony of Attorney Becker in granting defendant's motion to dismiss. Mr. Becker was scrivener of the 2 instruments of September 6, 1952. Here is the chancellor's ruling:

"The court is bound by the record as thus made and only the reasonable inferences which may be drawn therefrom. The only testimony—I repeat—which in any way aids in the construction of these instruments is the testimony of Mr. Becker, who, as I have already noted, stated that it was understood, as he recalls it, that their instruments were not to be joint and mutual wills. In construing this matter in the light most favorable to the plaintiff, the mere recitation herein and I quote, 'In consideration of the agreement between myself and my husband, John Foulks, that [to] each make a will, leaving all the property real or personal owned by us at the time of my death, to the survivor of ourselves for his or her lifetime and then later [the remainder] to our son, Harold A. Foulks, Sr.,' that does not constitute an irrevocable agreement to make a will leaving the property to the plaintiff."

The testimony of Mr. Becker, to which the chancellor referred, reads as follows:

"*Q.* In reading from that will, Mr. Becker, is your memory refreshed at all as to the time, the place and the form of the will which you drafted or the mutual wills which you drafted, one being for Annie Foulks?

"*A*. The time is fixed in my mind only by the fact that it was, I know, that it was done in the first year that I worked in Conlin's office and done before Mr. Edward Conlin's death. I went to work there in March of 1952. Mr. Conlin died in May of 1953. Any closer than that in point of time I cannot pin point it. Insofar as the document itself refreshing my recollection, as to the draft I may have prepared, I only recall the discussion with Mr. and Mrs. Foulks and with Mr. Conlin turned on the preparation of either joint and mutual wills or mutual wills.

"*Q*. What was the result of that discussion?

"*A*. It is my recollection that because of a problem the office had encountered earlier involving joint wills, it was decided that joint and mutual wills would not be prepared."

This testimony, assuming it was admissible as tending to prove presence or absence of a testamentary contract between John and Annie, does not overcome that which John and Annie declared in the simultaneously attested instruments. The 2 instruments, examined together as they should be, disclose clear intent of John and Annie to contract in such manner as to make both instruments irrevocable from and after death of either. The quoted clause constitutes documentary evidence of such contract (*Schondelmayer* v. *Schondelmayer,* 320 Mich 565, 571) and Mr. Becker's testimony does not qualify or destroy the evidentiary value thereof.

The order dismissing plaintiff's bill is reversed and the case is remanded for hearing and consideration of defendant's case including the orally argued but not yet testimonially supported question of laches. Costs to plaintiff.

Dethmers, C. J., and Carr, Kelly, Black, Edwards, Kavanagh, and Souris, JJ., concurred.

Smith, J., did not sit.