### *In re* WHITE ESTATE

Docket No. 245021. Submitted January 6, 2004, at Lansing. Decided January 22, 2004, at 9:05 A.M.

A joint will executed by Cornor and Catherine White, husband and wife, was proposed for admission to probate in the Muskegon County Probate Court following the death of Cornor White. Catherine White had died before Cornor White, but the will was not offered for probate following her death. David White, who would benefit from intestate succession, filed a petition challenging the validity of the will, contending that Catherine White's signature on the will was not witnessed and attested to as required by statute, and that Catherine White's improper execution of the will served to invalidate the will not only with respect to her, but also Cornor White. David White and respondents Bernice Blow and others filed motions for summary disposition. The court, Neil J. Mullally, J., granted summary disposition for the respondents and admitted the will to probate in the estate of Cornor White. The petitioner appealed.

The Court of Appeals *held*:

1. The probate court correctly found that the will was joint and reciprocal but not mutual. The will is not mutual because it does not express a mutually acknowledged promise, consideration, or obligation between the testators that the will is irrevocable.

2. Because the will is not a mutual will, Catherine White's improper execution has no effect on Cornor White's execution of the will. The will is invalid and unenforceable with respect to Catherine White, and valid and enforceable with respect to Cornor White.

3. The petitioner conceded the propriety of Cornor White's execution of the will and thus waived it as an issue.

Affirmed.

Wills — Joint Wills — Improper Execution by One Testator.

A will that is executed by a husband and wife but that does not express a mutually acknowledged promise, consideration, or obligation by the testators that the will is irrevocable is a joint and reciprocal will, but not a mutual will; the improper execution of the will by one testator does not serve to invalidate the will with

respect to the other testator if that testator properly executed the will.

*Winter Law Firm, P.L.L.C.* (by *Paul L. Winter*), for David White.

*Paul M. Ladas* for Eula Copeland and others.

Before: DONOFRIO, P.J., and GRIFFIN and JANSEN, JJ.

PER CURIAM. Petitioner appeals by leave granted an order of the probate court admitting Cornor White's will to probate. Petitioner challenges the probate court's finding that the will at issue is not a joint and mutual will. Petitioner also argues that because it is undisputed that Catherine White's execution of the will was invalid, the entire will is invalid and the probate court erred when it admitted the will to probate in the estate of Cornor White. We agree with the probate court that the will at issue is a joint and reciprocal will, but not a mutual will, and also find that Catherine White's failed execution of the joint will did not invalidate the will as it pertained to Cornor White. We affirm. This case is being decided without oral argument pursuant to MCR 7.214(E).

Cornor White was born on October 17, 1915, and Catherine White was born on December 24, 1918. The testators married but had no children. They purportedly signed a will on May 8, 1999, distributing their estate to approximately seventy friends and relatives. The estate was comprised of several rental properties and a barber shop business. A few months later, on November 29, 1999, Catherine White died. No probate estate was opened for Catherine White. Upon Catherine's death, property that was jointly owned went to Cornor White regardless of the will. Any remainder property owned by Catherine White is subject to the

probate court's determination of intestacy and not a matter of this appeal. Cornor White died the following spring, on May 3, 2000.

A probate estate was opened for Cornor White. On January 15, 2002, petitioner, who would benefit from intestate succession, challenged the validity of the will. Soon after, the probate court entered an order ordering a bill of particulars. Petitioner furnished a bill of particulars in March 2002, asserting that one of the two purported witnesses to the will "did not see the two principals sign" and that "the other subscribing witness has built into the will a $5,000 legacy to himself." Petitioner concluded in the bill of particulars that the will should be disallowed as the last will and testament of both Catherine and Cornor White.

The two purported witnesses to the will, Theresa Pearce and attorney Charles Waugh, gave their deposition testimony in March 2002. The parties do not dispute that Catherine White's signature on the will was witnessed only by Waugh and not by two persons as required by statute. Further, attorney Waugh could not remember whether Pearce was in the room when Cornor White signed the will or if Pearce entered the room after both Catherine and Cornor signed. Pearce testified that she was called into the room and both Cornor White's and Waugh's signatures were on the will. Pearce also stated that Cornor White asked her to witness his will, and then she noted the document stated that it was a will and then she witnessed the will in Cornor White's presence. Waugh also testified that he both drafted the will and was the recipient of a $5,000 bequest from the testators in their will. Waugh was removed as counsel as of August 29, 2001, as noted by a probate court docket entry.

In April 2002, petitioner moved for summary disposition, arguing again that the will should be invalidated in its entirety. Respondents, who are devisees under the will, opposed petitioner's motion and filed their own motion for summary disposition in May 2002. The personal representative specifically declined to take a position on the motions. The probate court heard arguments on the motions on June 11, 2002.

In a written opinion, the probate court found that the will was joint and reciprocal but not mutual. The probate court found that the will constituted a single document expressing the individual intentions of the testators "just as two separate wills would have done instead of this one will." The will was "not necessarily mutual because the will does not express a mutually acknowledged promise, consideration, or obligation between the testators that the will is irrevocable." The probate court held that the will was invalid and unenforceable with regard to Catherine White and that her assets will pass by intestacy. However, the probate court held that the will was valid and enforceable with regard to Cornor White and that the will should be admitted to probate to carry out his intentions. Hence, jointly owned assets would pass to Cornor White by intestacy and then as directed in Cornor White's will. The probate court's opinion was effectuated by an order dated August 12, 2002, admitting Cornor White's will to probate. This appeal followed.

"The standard of review on appeal in cases where a probate court sits without a jury is whether the court's findings are clearly erroneous." *In re Bennett Estate*, 255 Mich App 545, 549; 662 NW2d 772 (2003). "A finding is clearly erroneous when a reviewing

court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id.*

Petitioner argues that the trial court impermissibly made findings of disputed fact when it found that the document at issue is not a joint and mutual will. Petitioner asserts that the document should be construed as a joint and mutual will and attempts to persuade us to apply Illinois law[1] to this matter. Respondents argue that the probate court made no impermissible findings of disputed fact and assert that the mere use of the words "joint" and "mutual" in the will do not make the will a binding contract. Respondents also state that the will contains no words indicating a contractual agreement between Catherine and Cornor White and no basis to reach a conclusion that there was a contractual commitment to make the joint will irrevocable.

The probate court held that Cornor and Catherine White did not execute a mutual will. "A will, although jointly executed by two persons, is not a contract, strictly speaking, since it is subject to change and represents simply a statement of the wishes of the testators as they exist at the time of execution." *Rogers v Rogers*, 136 Mich App 125, 130; 356 NW2d 288 (1984). "[A] will jointly executed by two testators containing reciprocal bequests may be, under some circumstances, sufficient evidence to establish a contract to make the testamentary dispositions contained in such a will." *Id.* "[T]he mere fact alone that two identical wills are made by a husband and wife does not suffice to establish an oral agreement to make

---

[1] *Young v Young*, 210 Ill App 3d 912; 569 NE 2d 1 (1991).

mutual reciprocal wills, each binding on the other."
*Id.* at 130-131. Furthermore, MCL 700.2514(2) states:
"The execution of a joint will or mutual wills does not
create a presumption of a contract not to revoke the
will or wills."

The probate court stated that, "the will does not
express a mutually acknowledged promise, considera-
tion, or obligation between the testators that the will
is irrevocable" and held that the will was joint and
reciprocal, but not mutual. After reviewing the lan-
guage of the document at issue and the relevant case
law and statutory law, we agree with the probate
court that Cornor and Catherine White did not exe-
cute a mutual will. Nothing in the language of the will
indicates that the will is irrevocable. Accordingly, we
find that the probate court did not make any imper-
missible findings of fact and did not err when it found
that the document at issue is not a joint and mutual
will.

Petitioner next argues in conjunction with the first
issue, that the trial court erred as a matter of law
when it held that Catherine White's failure to properly
execute the will did not render the will invalid as it
pertained to both Catherine White and Cornor White.
As Michigan courts have not yet addressed the spe-
cific factual scenario before us, petitioner again cites
Illinois law[2] in support of his assertion that Catherine
White's failure to properly execute the will conse-
quently renders the entire will invalid. Respondents
took the opposite view, and the probate court agreed,
that the will is partially invalid and unenforceable

---

[2] *Martin v Helms*, 319 Ill 281; 149 NE 770 (1925); *In the Matter of
Estate of Edwards*, 3 Ill 2d 116; 120 NE 2d 10 (1954).

with respect to Catherine White only, but valid and enforceable with respect to Cornor White.

Our review has found a dearth of Michigan law in this area. However, the probate court's holding comports with 79 Am Jur 2d Wills § 665, p 724, which provides, in pertinent part:

> A will jointly executed by both spouses in which the dispositions made by one spouse are separate from those made by the other may be valid as the will of one spouse, even if it fails as the will of the other because he or she did not understand the effect of his or her signature or the contents of the instrument. However, an instrument purporting to be the will of both spouses with reciprocal bequests is not valid as the will of the spouse who dies first if it is ineffective as the will of the survivor because it was not legally executed by him or her, and the will was made pursuant to an agreement and understanding between the spouses.

Concerning the language of the joint and reciprocal will in this case alone, we hold that Catherine White's improper execution has no import on Cornor White's execution of the will. And since this will is not a mutual will, we agree with the probate court that the will is invalid and unenforceable with respect to Catherine White, and valid and enforceable with respect to Cornor White.

Finally, petitioner raises in passing in his brief on appeal that the probate court prematurely admitted Cornor White's will to probate without deciding if Cornor White's execution of the will was proper. We disagree. We are convinced by respondents' argument, in this case only, that petitioner waived this issue. Petitioner represented to the probate court that the parties "pretty well agree as to the facts" at the hearing on the summary disposition motions. He also stated to the probate court, when discussing the issue

before the court in his summary disposition motion, that "it is only a question of law based on those facts" referring to the effect of Catherine White's failure to properly execute her will and whether invalid execution by Catherine White invalidated the testamentary execution by Cornor White. We view these assertions, coupled with the fact that petitioner did not raise the issue in his summary disposition motion, as a concession that Cornor White's execution of the will was proper.

Affirmed.