687 N.W.2d 167 (2004)
262 Mich. App. 660
In re VANCONETT ESTATE.
Floyd Rau, Personal Representative of the Estate of Herbert Lee VanConett, Deceased, Joyce Ann Florip, Karen Jean Peterson, and Sandra Lee Parachos, Plaintiffs-Appellants,
v.
Elizabeth M. Leidlein and Marianne Durussel, Defendants-Appellees.
Docket No. 247516.
Court of Appeals of Michigan.
Submitted May 4, 2004, at Lansing.
Decided July 1, 2004, at 9:10 a.m.
Released for Publication September 15, 2004.
*169 Martin & Martin (by Walter Martin, Jr.), Saginaw, for the plaintiffs.
Strobel, Meyer, Jaffke, Shinners & Ellsworth, PLLC (by Kirk C. Ellsworth), Saginaw, for Elizabeth Leidlein.
Jack A. Weinstein, P.C. (by Jack A. Weinstein), Saginaw, for Marianne DuRussel.
Before: MURRAY, P.J., and NEFF and DONOFRIO, JJ.
DONOFRIO, J.
Plaintiffs appeal as of right the probate court's order granting summary disposition in favor of defendants. This case involves the right of the decedent, Herbert Lee VanConett, to dispose of property following the death of his wife, Ila R. VanConett, under a mutual will made pursuant to a contract to make a will. After reviewing the record, we decide that the probate court erred in concluding that the VanConetts did not create a contract to make a will, and further decide that the beneficiaries of that contract had standing to bring an action to enforce it. The probate court did not err when it concluded that Herbert's will was revocable, however, the record is insufficient for us to determine whether Herbert revoked his will and whether that revocation breached the VanConetts' contract to make a will. Finally, we decide that the probate court did not err when it concluded that the estate did not have standing to bring a cause of action concerning the real property because the real property passed outside the VanConetts' wills. We affirm in part, reverse in part, and remand.
First, plaintiffs contend that the probate court erred in finding that the VanConetts did not create a contract to make a will. We review de novo the probate court's grant of summary disposition. Dressel v. Ameribank, 468 Mich. 557, 561, 664 N.W.2d 151 (2003). We must review the record in the same manner as the probate court to determine whether the movant was entitled to judgment as a matter of law, by considering the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party. Michigan Ed. Employees Mut. Ins. Co. v. Turow, 242 Mich.App. 112, 114-115, 617 N.W.2d 725 (2000).
Although the VanConetts' wills contained identical and reciprocal provisions, this alone does not establish a contract to make a will. Soltis v. First of America Bank-Muskegon, 203 Mich.App. 435, 442, 513 N.W.2d 148 (1994), citing In re Thwaites Estate, 173 Mich.App. 697, 702, 434 N.W.2d 214 (1988).
"A will, although jointly executed by two persons, is not a contract, strictly speaking, since it is subject to change and represents simply a statement of *170 the wishes of the testators as they exist at the time of execution.... [A] will jointly executed by two testators containing reciprocal bequests may be, under some circumstances, sufficient evidence to establish a contract to make the testamentary dispositions contained in such a will.... [T]he mere fact alone that two identical wills are made by a husband and wife does not suffice to establish an oral agreement to make mutual reciprocal wills, each binding on the other." ... Furthermore, MCL 700.2514(2) states: [that] "The execution of a joint will or mutual wills does not create a presumption of a contract not to revoke the will or wills." [In re Estate of White, 260 Mich.App. 416, 420-421, 677 N.W.2d 914 (2004), quoting Rogers v. Rogers, 136 Mich.App. 125, 130-131, 356 N.W.2d 288 (1984).]
Pursuant to MCL 700.2514(1), a contract to make a will, not to revoke a will, or to die intestate may be established only by one or more of the following:
(a) Provisions of a will stating material provisions of the contract.
(b) An express reference in a will to a contract and extrinsic evidence proving the terms of the contract.
(c) A writing signed by the decedent evidencing the contract.
Because plaintiffs seek specific performance of the contract to transfer property under a will, they have the burden of proving the contract. Soltis, supra, at 442, 513 N.W.2d 148, citing Thwaites, supra, at 702-703, 434 N.W.2d 214.
The decedent's will referenced a contract or agreement with his wife, but the parties dispute whether the contract's material provisions were provided. Plaintiffs contend that the VanConetts' wills provided the following contract terms: (1) at the first spouse's death, after payment of all debts, expenses, etc., all of the VanConetts' property would go to the surviving spouse, and the surviving spouse's will would become irrevocable; and (2) at the surviving spouse's death, all of the couple's property would go to the beneficiaries designated in the third paragraph of their respective wills. Defendants assert that the will does not provide material provisions, but merely references an independent agreement that does not exist. Defendants argue that the decedent's acts to revoke the will and his transfer of property after his wife's death demonstrate that the couple did not intend to form a contract.
We conclude that the probate court erred in finding that no contract existed. A review of the wills reveals a clear expression of the VanConetts' intent to enter a contract. Both wills state, "I hereby expressly acknowledge that this Will is made pursuant to a contract or agreement." (Emphasis added.) Each will then states the material provisions of the contract, that the couple would dispose of their property in the manner expressed in their wills and that the surviving spouse's will would become irrevocable at the first spouse's death. Specific bequests present in each will provide additional contract provisions, and each will was signed. After review of the wills in light of applicable statutory and case law, we conclude that the VanConetts did create a contract to make a will. See Foulks v. State Savings Bank, 362 Mich. 13, 14, 16, 106 N.W.2d 221 (1960); Schondelmayer v. Schondelmayer, 320 Mich. 565, 571, 31 N.W.2d 721 (1948); Rogers, supra at 128, 356 N.W.2d 288. Also, when Ila VanConnet died, the couple's agreement became irrevocable, and plaintiffs became vested with a right of action to seek specific enforcement of the VanConetts' contract. Schondelmayer, supra at 572, 31 N.W.2d 721, citing Getchell *171 v. Tinker, 291 Mich. 267, 270, 289 N.W. 156 (1939).
Plaintiffs next argue that the couple's contract provided that the surviving spouse would receive merely a life estate interest in the couple's real property at the first spouse's death, with the property passing in fee to the named beneficiaries when the surviving spouse died. Thus, plaintiffs argue, Herbert had no right to dispose of or transfer the couple's real property. Defendants counter that the contract and the wills did not contain this restriction, and assert that Herbert gained a fee interest in the property at Ila's death and the beneficiaries of Herbert's will were entitled merely to whatever remained in the estate at Herbert's death.
Our reading of the wills reveals that the couple's contract contained no language restricting the surviving spouse's interest in the property to a life estate, and therefore find defendants' argument persuasive. We note that plaintiffs' reliance on Quarton v. Barton, 249 Mich. 474, 229 N.W. 465 (1930), is misplaced because the language of the will in that case expressly created a life estate interest in the surviving spouse and limited the surviving spouse's interest to a life estate. Unlike in Quarton, Herbert received a fee simple estate in the couple's property at Ila's death; hence, he was free to dispose of the property as he wished, and his beneficiaries were only entitled to the remainder.
Plaintiffs contend that the probate court erred in finding the decedent's will was revocable because the VanConetts clearly expressed an intent in their wills that the surviving spouse's will would be irrevocable after the first spouse's death. When parties enter a contract to make a will, the contract, rather than the will itself, becomes irrevocable by the survivor after the death of a party. Schondelmayer, supra at 570, 31 N.W.2d 721, quoting Keasey v. Engles, 259 Mich. 178, 242 N.W. 878, syllabus; 242 N.W. 878 (1932). Thus, the decedent had the right to revoke his will but he could not revoke the parties' contract. So, to the extent any subsequent wills contradicted the contract, plaintiffs have a right to seek specific performance of the agreement. Therefore, the probate court did not err in finding the decedent's will was revocable.
The probate court concluded that a presumption existed that the decedent revoked his will. Although the record indicates that the decedent removed his will from the probate court, and the original will was not found, the record is insufficient to determine whether the presumption of revocation can be overcome. The decedent had the right to revoke the will, but the revocation may have breached the contract he entered with his wife. Therefore, we remand to the probate court for further factual development and consideration of this matter.
Finally, plaintiffs claim the probate court erred in finding that the estate lacked standing to bring an action to recover the real property. The probate court found the property passed outside Ila's will because the couple held it as tenants by the entireties. Plaintiffs contend that the couple held it as joint tenants and that their wills expressly provided for the disposition of property held under the joint tenancy.
We agree that the probate court erred in concluding the couple held the property as tenants by the entireties. In a tenancy by the entireties, a husband and wife hold joint title to real property with right of survivorship. Lilly v. Schmock, 297 Mich. 513, 517, 298 N.W. 116 (1941). A deed or devise of real property to a husband and wife presumptively creates a tenancy by the entireties, MCL *172 554.44; MCL 554.45, but this presumption may be overcome by explicit language in the deed. DeYoung v. Mesler, 373 Mich. 499, 503-504, 130 N.W.2d 38 (1964). When the VanConetts took title to the property, the deed conveyed the land to "HERBERT L. VANCONETT, ILA R. VANCONETT and FLORENCE H. VANCONETT as joint tenants with full rights of survivorship and not as tenants in common." Because explicit language was used, a tenancy by the entireties was not created between Herbert and Ila, and all three held the property as joint tenants with full rights of survivorship.[1]
Defendants assert the estate converted to a tenancy by the entireties when Florence died, but they point to no authority to support this argument. A tenancy by the entireties can only be created when a husband and wife take title to property as co-owners. MCL 554.44; MCL 554.45. Therefore, the VanConetts continued to hold the property as joint tenants with full rights of survivorship after Florence's death.
We disagree with plaintiffs' argument that the probate court erred in finding that the real property passed outside Ila's will. Property held as joint tenants with full rights of survivorship automatically passes to the surviving tenant(s) at a tenant's death. 1 Cameron, Michigan Real Property Law (2d ed), § 9.11, pp 306-307. Because title passed instantly at Ila's death, it would not have been part of her estate and would not be covered by the couple's contract to make a will. Therefore, the estate has no right to seek its return. This is true even though the VanConetts' wills purported to apply to "all our property, whether owned by us as joint tenants, as tenants in common or in severalty." Certainly, the VanConetts could not destroy the survivorship right through their wills because a will has no effect until the testator's death. The VanConetts' contract to make a will did not expressly indicate that the couple wished to terminate their joint tenancy and destroy the survivorship rights attached to it. No authority suggests that merely expressing a desire to end a joint tenancy carries out the task of terminating a joint tenancy with rights of survivorship. Therefore, we conclude that the VanConetts' wills did not terminate the survivorship rights of their joint tenancy. The property passed to Herbert immediately at Ila's death and the estate lacked standing to seek its return to the estate.
Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.
NOTES
[1] We do not mean to infer by our statement, which is specific to the facts of this case, that a joint tenancy cannot be created between a married couple holding property as tenants by the entireties and a joint tenant. MCL 554.44; MCL 554.45; See Fullagar v. Stockdale, 138 Mich. 363, 101 N.W. 576 (1904).