*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID SANDERSON, Successor Trustee of the
MICHAEL D. SANDERSON LIVING TRUST
FUND, and SARAH BAILEY, Personal
Representative of the ESTATE OF MICHAEL D.
SANDERSON,

UNPUBLISHED
July 18, 2025
9:22 AM

Plaintiffs-Appellees,

v

No. 370654
Mackinac Circuit Court
LC No. 2023-008789-CH

SHANNON SANDERSON, Personal Representative
of the ESTATE OF PETER G. SANDERSON,

Defendant-Appellant.

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

PER CURIAM.

Before his death, Michael D. Sanderson quitclaimed real property to his living trust and his brother, Peter G. Sanderson, as joint tenants with full rights of survivorship. Because a trust cannot hold real property as a joint tenant with rights of survivorship, was the conveyance void? The trial court answered that question in the affirmative. Defendant, Shannon Sanderson, the personal representative of Peter's estate, appeals by right the trial court's judgment quieting title to the property in favor of plaintiffs, David Sanderson, Successor Trustee of the Michael D. Sanderson Living Trust Fund, and Sarah Bailey, the personal representative of Michael's estate. Shannon also challenges the earlier order granting plaintiffs' motion for summary disposition. Because the trial court properly determined that a conveyance of real property to a trust as joint tenants with rights of survivorship is void, we affirm.

## I. FACTS AND PROCEEDINGS

This case concerns two parcels of property located in Mackinac County, Michigan, that have been in the Sanderson family since at least 1976. Relevant to this dispute are the last three quitclaim deeds in the chain of title of the properties. In December 2006, Michael, Peter, and their sister, Karen Moore, conveyed the properties to Michael. In March 2007, Michael executed a

-1-

quitclaim deed conveying the properties to his living trust and Peter "as joint tenants with full rights of survivorship and not as joint tenants in common." On May 22, 2007, Michael executed a nearly identical quitclaim deed conveying the properties to his living trust and Peter "as joint tenants with full rights of survivorship and not as joint tenants [sic]." All the deeds were recorded. On May 28, 2007, Peter executed a document releasing his interest in the properties, with the exception of the northeasterly 50 feet of one of the parcels.[1] Peter's release was not recorded.

Thereafter, both Michael and Peter died. Plaintiffs, David and Sarah, are Michael's children. Defendant, Shannon, is Peter's daughter. Plaintiffs filed this action against Shannon to quiet title to the properties. They alleged that they were unable to obtain title insurance because Peter's heirs claimed an interest in both parcels. They also alleged that Peter had no interest in the properties at the time of his death because Michael's quitclaim deeds purporting to convey the properties to his living trust and Peter were void. Relying on *Schaaf v Forbes*, 338 Mich App 1; 979 NW2d 358 (2021), they asserted that a trust cannot hold property as a joint tenant with rights of survivorship. In addition, they alleged that, if a conveyance did occur, Peter released his interest in the properties. Alternatively, plaintiffs sought to partition the properties should the trial court determine that Shannon held an interest in them.

Shannon disputed the authenticity of Peter's release of his interest in the properties. She asserted that the release was not disclosed until after its signatories died, and the purported notary of the document was not a notary at the time the parties executed the document. She also maintained that although Michael's survivorship deeds did not create a valid contingent remainder with respect to his trust, they did create a valid contingent remainder with respect to Peter.

Plaintiffs moved for summary disposition under MCR 2.116(C)(10), arguing that they provided documentary evidence substantiating every factual allegation in their complaint, and Shannon did not deny a single allegation. Rather, she disputed plaintiffs' legal conclusion drawn from the allegations. Plaintiffs asserted that title should be quieted in their favor because the last valid deed in the chain of title conveyed the properties to Michael in fee simple. The subsequent deeds conveying the properties to Michael's living trust and Peter as joint tenants with rights of survivorship were invalid under *Schaaf*. Plaintiffs maintained that not only did the *Schaaf* Court determine that such deeds are invalid, but it also upheld the trial court's decision in that case voiding the two conveyances at issue, which resulted in the property reverting to the last proper owner of record. Plaintiffs asserted that the trial court in this case should reach the same result and hold that Michael was the last proper owner of the properties.

Shannon, then proceeding *in propria persona*, opposed plaintiffs' motion, arguing that a deed must be interpreted in accordance with its grantor's intent. She asserted that Michael's survivorship deeds conveyed a valid property interest to Peter as Michael intended and as the Sanderson family understood for 16 years until plaintiffs filed their complaint. She also maintained that there existed "ample authority" for the trial court to reform the deeds to accomplish

---

[1] Shannon disputes the authenticity of the release, but, as discussed later in this opinion, the release is not relevant to our analysis.

Michael's intent. Further, she argued that the *Schaaf* Court did not hold that a deed purporting to convey a joint tenancy with right of survivorship to a trust must automatically be voided.

Plaintiffs filed a reply brief, arguing that the *Schaaf* Court addressed the effect of the deed in that case and upheld the trial court's order voiding the deed rather than reforming it. Moreover, plaintiffs noted that the March 2007 deed stated that the conveyance was as joint tenants with rights of survivorship "and not as joint tenants in common," clearly indicating Michael's intent. Regarding Peter's release of his interest in the properties, plaintiffs admitted that the notary allowed his notary status to lapse eight days before he notarized the document. But, they maintained that a notary's acknowledgement was not required to convey property.

The trial court commenced a hearing on plaintiffs' motion, but adjourned the hearing and ordered Shannon to provide plaintiffs with the documents she referenced during the hearing. Thereafter, Shannon filed a reply to plaintiffs' reply reiterating her request for the trial court to reform the deeds. She also submitted documentary evidence to substantiate her allegation that Peter's release of his property interest was forged. She submitted an affidavit that Michael's daughter, Elizabeth Sanderson, executed averring that Michael frequently signed Peter's name to documents and did not always tell Peter when he did so. Shannon also submitted an unsigned, unnotarized affidavit from Robert Patrick averring that he had been friends with both Michael and Peter and was aware that Michael frequently signed Peter's name to documents. In addition, Shannon submitted photocopies of documents with notations regarding the signatures on the documents. Shannon's apparent intent was to show that the signatures were not always the same, proving that some of them were forged.

In response to Shannon's filing, plaintiffs argued that portions of Robert's and Elizabeth's affidavits were the only admissible evidence that Shannon submitted, but neither affiant claimed to have witnessed Michael sign Peter's name and neither alleged any knowledge regarding whether Michael signed Peter's name on the documents relevant to this dispute. Plaintiffs maintained that Shannon's documentary evidence failed to create a genuine issue of material fact.

Following a continued hearing on plaintiffs' motion, the trial court granted the motion. The court determined that it was bound by *Schaaf*, which held that any conveyance to a trust as a joint tenant with rights of survivorship was void. The court noted that our Supreme Court denied leave to appeal in *Schaaf* and concluded that Michael's survivorship deeds were void. The court further stated, "[a]s dicta," that it compared the signatures on the documents that Shannon submitted with those on Peter's release and believed "the signatures to be quite similar." The court noted that Shannon failed to present an expert opinion regarding the authenticity of the signatures. The court concluded that the affidavits on which Shannon relied did not establish a genuine issue of material fact and granted plaintiffs' motion for summary disposition.

Shannon moved for reconsideration, reiterating some of her previous arguments. She also argued that her attorney appeared via Zoom at the first hearing on plaintiffs' motion for summary disposition, but was not permitted to represent her. Further, she asserted that "the confusing blizzard of deeds executed in this matter" was a scheme in which Michael engaged to avoid paying taxes. The trial court denied the motion. The court stated that it had delayed this case to allow Shannon to retain an attorney, but her attorney failed to file an appearance, failed to contact the court to arrange a Zoom appearance, and failed to contact plaintiffs' attorney. The court

determined Shannon's remaining arguments did not demonstrate palpable error. Thereafter, the court entered a judgment quieting title in plaintiffs' favor and dismissing plaintiffs' claim seeking partition of the properties as moot. This appeal followed.

## II. STANDARD OF REVIEW

An action to quiet title is equitable in nature; we review such actions de novo. *Beach v Twp of Lima*, 489 Mich 99, 106; 802 NW2d 1 (2011). We also review de novo a trial court's decision on a motion for summary disposition. *Willett v Charter Twp of Waterford,* 271 Mich App 38, 45; 718 NW2d 386 (2006). A motion under MCR 2.116(C)(10) tests the factual support of the plaintiff's complaint. *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 506; 991 NW2d 230 (2022). We review the pleadings, admissions and other evidence in the light most favorable to the nonmoving party. *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). The opposing party may not rest upon mere allegations or denials in its pleadings, but rather, must provide documentary evidence setting forth specific facts that establish a genuine issue for trial. *Anderson*, 341 Mich App at 506. Summary disposition is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Patrick*, 322 Mich App at 605. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

A "joint tenancy with full rights of survivorship is comprised of a joint life estate with dual contingent remainders." *Albro v Allen*, 434 Mich 271, 275; 454 NW2d 85 (1990) (quotation marks and citation omitted). Property held between two people as joint tenants with full rights of survivorship automatically passes to the surviving cotenant after the other cotenant's death. *In re VanConett Estate*, 262 Mich App 660, 667-668; 687 NW2d 167 (2004). "A trust, however does not and cannot die. Rather, it terminates only through specifically required actions of a nonbiological character." *Schaaf*, 338 Mich App at 17. Because a trust does not die and may exist well beyond the average lifespan of a person, "[a] trust holding property as a joint tenant with rights of survivorship . . . potentially renders any such right of survivorship illusory." *Id*. at 18.

Shannon argues that the trial court misinterpreted and misapplied *Schaaf*. She contends that *Schaaf* did not require the court to void Michael's deeds conveying the properties to his trust and Peter. Rather, she argues, *Schaaf* involved conveyances *from* a trust to others as joint tenants with rights of survivorship, not the other way around. She maintains that the rule of *Schaaf* is that a conveyance *from* a trust as joint tenants with rights of survivorship is void, not that a conveyance *to* a trust with rights of survivorship is void. Shannon's interpretation of *Schaaf* is erroneous. The conveyances in *Schaaf* were not voided because they were conveyed from a trust, and *Schaaf* does not indicate that the Fitzpatrick Trust, which made the conveyances, held the properties conveyed as joint tenants with rights of survivorship. Instead, the Fitzpatrick Trust conveyed the properties to itself and others, as joint tenants with rights of survivorship. *Id*. at 7-8. In determining that the conveyances were void, this Court stated as follows:

> In arguing that a trust may hold property as a joint tenant with rights of survivorship, defendant leans heavily upon the fact that the language used to convey

the property interest to the trust specifically stated that the trust was to hold its property rights in that manner. However, simply saying something is intended or shall be does not necessarily make the intended act permissible or lawful. Common sense and relevant law establish that, contrary to defendant's position, a trust may not hold property as a joint tenant with rights of survivorship. [*Id*. at 16.]

Therefore, contrary to Shannon's argument, the *Schaaf* Court focused on the language of the conveyances *to* the trust as joint tenants with rights of survivorship.

The trial court properly granted plaintiffs' motion for summary disposition on the basis of *Schaaf*. Because Michael's deeds conveying the properties to his trust and Peter as joint tenants with rights of survivorship were void, Peter had no interest in the properties and could pass no interest to his heirs. Although Shannon argues that the trial court erred by expressing its opinion regarding the authenticity of Peter's release of his interest in the properties, the release is not relevant to our conclusion that the trial court properly determined the deeds were void as a matter of law.

Affirmed.

/s/ Thomas C. Cameron
/s/ James Robert Redford
/s/ Kristina Robinson Garrett