*In re* CONSERVATORSHIP OF TOWNSEND

Docket No. 296358. Submitted May 5, 2011, at Grand Rapids. Decided
    June 23, 2011, at 9:05 a.m.

Larry D. Townsend petitioned the Montcalm County Probate Court
    for the appointment of a conservator for the estate of his mother,
    Kathryn M. Townsend. He contended that after the death of
    Kathryn's husband in 2003, several of Kathryn's children had
    gratuitously spent her money, that she had accumulated excessive
    debt, and that she was in danger of destitution if a conservator was
    not appointed to protect her remaining assets. Following a hearing
    on the petition, the court, Charles W. Simon, III, J., held that
    Kathryn had property that would be wasted or dissipated unless
    proper management was provided. The court further held that
    although Kathryn did not have any of the conditions specified in
    MCL 700.5401(3)(a) as providing a basis for the appointment of a
    conservator, the presence of one of the enumerated conditions was
    not a prerequisite for the appointment of a conservator. The court
    concluded that Kathryn was a vulnerable adult who could not
    manage her financial affairs and granted the petition to appoint a
    conservator. Kathryn appealed.

The Court of Appeals *held*:

1. Under MCL 700.5401(3)(a), a probate court may appoint a
    conservator for an individual who is unable to effectively manage
    his or her property and business affairs for reasons such as mental
    illness or deficiency, physical illness or disability, chronic intoxica-
    tion or drug use, confinement, detention by a foreign power, or
    disappearance. The phrase "for reasons such as" is one of enlarge-
    ment and does not limit the appointment of conservators only for
    individuals having one of the listed conditions, but under the
    statute a conservator may only be appointed if the individual is
    unable to effectively manage his or her property and business
    affairs because of one of the listed conditions or a condition of a
    similar nature and quality as the listed conditions.

2. Under the Social Welfare Act (SWA), MCL 400.1 *et seq.*, to
    establish that an individual is vulnerable, one must establish that
    the individual has a mental, physical, or advanced-age-related
    impairment. This definition of "vulnerability" is sufficiently simi-

lar to the conditions listed in MCL 700.5401(3)(a) to allow the SWA definition of "vulnerable adult" to be categorized as being of a similar nature or quality as those conditions. Using that definition, the evidence failed to establish that Kathryn was vulnerable because she did not have a mental or physical impairment and there was no evidence that her inability to say no when family members asked her for financial assistance was related to her age. The probate court erred by appointing a conservator over Kathryn's estate.

Reversed.

1. CONSERVATORSHIPS — APPOINTMENT OF A CONSERVATOR — STATUTES — LISTED CONDITIONS — INABILITY TO MANAGE AFFAIRS AS A RESULT OF AN UNLISTED CONDITION.

A probate court may appoint a conservator for an individual who is unable to effectively manage his or her property and business affairs for reasons such as mental illness or deficiency, physical illness or disability, chronic intoxication or drug use, confinement, detention by a foreign power, or disappearance; the phrase "for reasons such as" is one of enlargement and does not limit the appointment of conservators only for individuals having one of the listed conditions, but a conservator may only be appointed if the individual is unable to effectively manage his or her property and business affairs because of a condition that is not listed if the condition is of a similar nature and quality as the listed conditions (MCL 700.5401[3][a]).

2. CONSERVATORSHIPS — APPOINTMENT OF A CONSERVATOR– STATUTES — INABILITY TO MANAGE AFFAIRS AS A RESULT OF AN UNLISTED CONDITION — VULNERABLE ADULTS — SOCIAL WELFARE ACT DEFINITION.

Under the Social Welfare Act (SWA), to establish that an individual is vulnerable, one must establish that the individual has a mental, physical, or advanced-age-related impairment; this definition of "vulnerability" is sufficiently similar in nature and quality to the conditions listed in the statute permitting the appointment of a conservator to allow the appointment of a conservator for a person meeting the SWA definition of "vulnerable adult" (MCL 400.11; MCL 700.5401[3][a]).

Larry D. Townsend *in propria persona.*

*Doss Law Office, P.C.* (by *Kenneth W. Doss*), for Kathryn M. Townsend.

Before: HOEKSTRA, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM. Appellant, Kathryn Townsend (Townsend), appeals as of right the probate court's order appointing a conservator over her estate. At issue in this case is whether a conservator may be appointed for a reason not listed in MCL 700.5401, specifically whether a conservator may be appointed for a "vulnerable adult" and, if so, whether the evidence supported the probate court's finding that Townsend is a vulnerable adult. We conclude that a probate court may appoint a conservator for a vulnerable adult, but under a proper definition of "vulnerable adult," the facts do not support the probate court's finding that Townsend is a vulnerable adult. Accordingly, we reverse.

In October 2009, Townsend's son, appellee Larry Townsend (appellee), petitioned the probate court for the appointment of a conservator for Townsend's estate. In his petition, appellee asserted that Townsend suffered from a diminished mental capacity and that without proper management her property would be wasted or dissipated. Appellee alleged that after the death of Townsend's husband in 2003 and the sale of real property, Townsend had assets totaling between $700,000 and $750,000, but the subsequent "gratuitous spending" of Townsend's money by some of appellee's siblings, Townsend's excessive debt accumulation, and the downturn in mutual fund share prices had left Townsend with less than $200,000. Appellee further alleged that he was concerned that the "considerable drain" on Townsend's finances would leave Townsend destitute.

At the hearing on the petition, Townsend admitted that she financially helped her children and grandchildren.

When she loaned them money, she did not charge interest and allowed them to repay the loan as they were able, and she often accepted work in exchange for repayment of money. The testimony established that Townsend had provided financial assistance for the purchase of vehicles, wedding dresses, gas and tires, groceries, and trips, as well as in the payment of mortgage payments, property taxes, education expenses, attorney fees, and medical and dental fees. Townsend also acknowledged that she had accumulated a large amount of credit card debt and that she had been late on bill payments.

Townsend's personal physician, Dr. Henry Danielsky, testified that Townsend scored "a perfect" 30 out of 30 on a mini mental-status examination. According to Danielsky, Townsend's score meant that "she's not demented and that she's a normal human being as far as her thought goes." He believed that Townsend's mental capabilities were above average. Danielsky had no doubt that Townsend was able to manage her property and business affairs.

At the conclusion of the hearing, the probate court first addressed the "easier issue," whether Townsend had property that would be wasted or dissipated unless proper management was provided. According to the probate court, the answer was "clearly yes." It explained that Townsend had only $59,000 because she had "burned through" $440,000 in the past six years.[1] The probate court then addressed the "hard question," whether Townsend was in need of a conservator. Referring to the statutory criteria for appointment of a

---

[1] At the hearing, Townsend testified that after the death of her husband she had approximately $400,000 to $500,000. The probate court stated that at a minimum and by Townsend's own admission, Townsend had spent $440,000 in six years.

conservator, MCL 700.5401(3)(a), it noted that Townsend had not disappeared and was not confined or detained by a foreign power. It further noted that there was no evidence that Townsend suffered from a mental illness or deficiency, a physical illness or disability, or a chronic use of drugs or alcohol. Nonetheless, it held that the phrase "such as" in MCL 700.5401(3)(a) did not limit the reasons for the appointment of a conservator to those listed in the statute. The probate court then proceeded to hold that Townsend was a "vulnerable adult" because she could not manage her own financial affairs; the probate court was concerned with Townsend's inability to say no. It explained that Townsend "will give money to any child who asks for it whether it is in her best interests or not."[2] Consequently, the probate court granted appellee's petition to appoint a conservator. This appeal ensued.

On appeal, Townsend argues that while the appointment of a conservator for a vulnerable adult may be appropriate in certain circumstances, the probate court erred by appointing a conservator for her on the basis that she was a vulnerable adult. We agree.

We review a probate court's factual findings under the "clearly erroneous" standard. *In re Bennett Estate*, 255 Mich App 545, 549; 662 NW2d 772 (2003). "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id.* We review de novo issues of statutory interpretation. *Apsey v Mem Hosp*, 477 Mich 120, 127; 730 NW2d 695 (2007).

---

[2] The record shows that the parties themselves did not raise the issue whether a conservator may be appointed for a reason not listed in MCL 700.5401(3)(a), nor did appellee argue that Townsend was a vulnerable adult.

Resolution of the issue requires us to interpret MCL 700.5401, which provides in pertinent part:

> (1) Upon petition and after notice and hearing in accordance with this part, the court may appoint a conservator or make another protective order for cause as provided in this section.
>
> *   *   *
>
> (3) The court may appoint a conservator or make another protective order in relation to an individual's estate and affairs if the court determines both of the following:
>
> (a) The individual is unable to manage property and business affairs effectively for reasons such as mental illness, mental deficiency, physical illness or disability, chronic use of drugs, chronic intoxication, confinement, detention by a foreign power, or disappearance.
>
> (b) The individual has property that will be wasted or dissipated unless proper management is provided, or money is needed for the individual's support, care, and welfare or for those entitled to the individual's support, and that protection is necessary to obtain or provide money.

The goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Tevis v Amex Assurance Co*, 283 Mich App 76, 81; 770 NW2d 16 (2009). If the statutory language is unambiguous, the Legislature is presumed to have intended the meaning clearly expressed, and a court must enforce the statute as written. *Ameritech Publishing, Inc v Dep't of Treasury*, 281 Mich App 132, 136; 761 NW2d 470 (2008). Words and phrases in a statute shall be construed and understood according to the common and approved usage of the language. *Henry Ford Health Sys v Esurance Ins Co*, 288 Mich App 593, 600; 808 NW2d 1 (2010), quoting MCL 8.3a.

Pursuant to MCL 700.5401(3)(a), a court may appoint a conservator if "[t]he individual is unable to manage property and business affairs effectively . . . ." The statute further requires that the petitioning party establish that the individual's inability to manage his or her property and business affairs effectively is caused by a condition that the individual exhibits. In this regard, MCL 700.5401(3)(a) specifically identifies eight conditions that may affect an individual's ability to manage his or her property and business affairs effectively: "mental illness, mental deficiency, physical illness or disability, chronic use of drugs, chronic intoxication, confinement, detention by a foreign power, or disappearance."

However, as noted by the probate court, the phrase "for reasons such as" precedes the listing of these eight conditions. The phrase "for reasons such as" appears in only two statutes, MCL 700.5401(3)(a) and MCL 722.954b(1), and has never been construed by this Court. Applying the common usage and understanding of the phrase, *Henry Ford Health Sys*, 288 Mich App at 600, we hold that the phrase "for reasons such as" is one of enlargement rather than limitation. In other words, the use of the phrase "for reasons such as" in MCL 700.5401(3)(a) does not limit the appointment of conservators only for individuals who have disappeared, been detained by a foreign power or confined, or suffer from mental illness or deficiency, a physical illness or disability, or chronic use of drugs or alcohol. Consequently, in light of the statutory language, we agree with the probate court that the appointment of a conservator for an individual may be appropriate even if the individual does not suffer from one of the conditions listed in MCL 700.5401(3)(a).

But not any condition suffered by an individual will justify the appointment of a conservator. "It is a famil-

iar principle of statutory construction that words grouped in a list should be given related meaning." *Manuel v Gill*, 481 Mich 637, 650; 753 NW2d 48 (2008) (quotation marks and citations omitted). On the basis of this well-established rule of statutory construction, we also hold that any circumstance not listed in MCL 700.5401(3)(a) that prohibits an individual from effectively managing his or her property and business affairs must be of a similar nature and quality as the eight conditions listed in the statute to justify the appointment of a conservator.

In this case, the probate court found that although there was no evidence to suggest that Townsend suffered from any of the eight conditions listed in MCL 700.5401(3)(a), Townsend was unable to manage her property and business affairs because she was a "vulnerable adult." It concluded that Townsend was a vulnerable adult because of her inability to say no, noting that she would give money to any child who asked for it regardless of her best interests. Because we have construed MCL 700.5401(3)(a) as permitting courts to consider additional conditions when evaluating whether a conservator should be appointed, the next question before us in this case is whether Townsend's condition of being a vulnerable adult, as found by the probate court, is a condition of a similar nature or quality as the eight conditions listed in MCL 700.5401(3)(a).

Having conceded that the list of conditions in MCL 700.5401(3)(a) can be enlarged to include similar conditions, Townsend argues that under a proper definition, the probate court erred by finding that she is a vulnerable adult. In making this argument, she urges us to adopt the definition of "vulnerable adult" found in the Social Welfare Act (SWA), MCL 400.1 *et seq.*, and

claims that under the SWA definition, she is not a vulnerable adult because the evidence did not establish that she has a mental, physical, or age-related condition that causes her to be unable to manage her property and business affairs effectively.[3]

The SWA uses the term "vulnerable adult"[4] and defines those words. "Vulnerable" is defined as "a condition in which an adult is unable to protect himself or herself from abuse, neglect, or exploitation because of a mental or physical impairment or because of advanced age." MCL 400.11(f). "Adult" is defined as "a vulnerable person not less than 18 years of age who is suspected of being or believed to be abused, neglected, or exploited." MCL 400.11(b). And "exploitation" is defined as "an action that involves the misuse of an adult's funds, property, or personal dignity by another person." MCL 400.11(c). We conclude that the condition of being a vulnerable adult under the SWA is a condition that is of a similar nature and quality as those listed in MCL 700.5401(3)(a). In particular, to establish vulnerability under the SWA, the individual must have a mental, physical, or advanced-age-related impairment. These components of vulnerability are sufficiently similar to the mental and physical conditions listed in MCL 700.5401(3)(a) to allow the SWA defini-

---

[3] At oral argument, appellee urged us to adopt a dictionary definition of "vulnerable" and argued that the facts supported the probate court's decision if such a definition were controlling. *Random House Webster's College Dictionary* (1995) defines "vulnerable," in part, as "capable of or susceptible to being wounded . . . ." Even if we were to assume that Townsend was vulnerable under this definition, we would conclude that the definition does not provide a proper basis for the appointment of a conservator because it does not require a condition that is of a similar nature or quality as the conditions listed in MCL 700.5401(3)(a).

[4] The SWA permits what is now referred to as a county department of human services to petition for the appointment of a conservator for a vulnerable adult. MCL 400.11b(6).

tion of "vulnerable adult" to be categorized as being of a similar nature or quality. Consequently, we will use the SWA definition to determine whether the probate court properly found that Townsend was a vulnerable adult in need of a conservator.

Appellee argues that under the SWA definition Townsend was a vulnerable adult because, as found by the probate court, other family members exploited her inability to say no. But even assuming that the evidence supported a finding of exploitation, the evidence did not show that Townsend was vulnerable because, as found by the probate court, she did not have a mental or physical impairment and there was no evidence from which to conclude that her inability to say no was related to her age. Consequently, for the same reasons the probate court did not find grounds for appointment of a conservator under the conditions listed in MCL 700.5401(3), there are no grounds to find that Townsend is a "vulnerable adult" as defined by the SWA.[5] Accordingly, we reverse the probate court's order appointing a conservator over Townsend's estate.

Reversed.

HOEKSTRA, P.J., and MURRAY and M. J. KELLY, JJ., concurred.

---

[5] Because of this conclusion, we need not address Townsend's argument that the probate court clearly erred by finding that she has property that will be wasted or dissipated.