# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Conservatorship of BRANDON M. OWENS, a Minor.

---

MARCUS B. OWENS, Former Conservator of Brandon M. Owens, a Minor

UNPUBLISHED
May 12, 2015

Petitioner-Appellant,

v

No. 319761
Wayne Probate Court

ANDREW R. GRIFKA, Conservator of BRANDON M. OWENS, a Minor,

LC No. 2011-770978-CY

Appellee.

---

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Petitioner, Marcus Owens, appeals as of right an order denying his petition to allow accounts, discharging him as conservator, and appointing respondent Andrew Grifka as conservator. We affirm.

This appeal arises out of money spent by petitioner in his capacity as the conservator of his seven-year-old son. Petitioner's son received $126,078.77 in life insurance proceeds upon the death of his mother. Petitioner's son also receives $1,800 a month in Social Security survivor benefits; petitioner is the representative payee for those funds. Subsequently, petitioner petitioned the court for appointment as conservator for his son, and the trial court granted petitioner's request. Petitioner placed the life insurance proceeds into a restricted bank account. Although the trial court ordered petitioner to receive a written court order prior to withdrawing funds from the restricted bank account, petitioner accessed approximately $44,000 from the restricted bank account without court approval. In addition, respondent failed to file an inventory for the account. On January 15, 2013, the trial court entered an order suspending petitioner as the conservator and on July 3, 2013, the trial court entered an order appointing Grifka as conservator. After miscellaneous disputes, petitioner filed an account of expenses for the period of May 16, 2013, to July 3, 2013. The account included expenses for tuition and fees for private schooling, child care, vacations to visit family, dental procedures, and organized sports. Grifka, who had since been appointed the child's Guardian Ad Litem, requested that

-1-

respondent be removed as conservator. After a hearing on December 2, 2013, the court entered an order denying petitioner's accounts, discharging petitioner as conservator, and appointing Grifka as conservator. The trial court reasoned that it was petitioner's obligation to support his child, and that his salary, along with the social security funds he received on behalf of the child, were sufficient to cover the claimed expenses without necessitating use of the insurance proceeds. Petitioner now appeals.

Petitioner argues the trial court erred when it disallowed expenses related to the minor child's health, education, and welfare. We disagree.

We review a probate court's findings for clear error. *In re Townsend Conservatorship*, 293 Mich App 182, 186; 809 NW2d 424 (2011). "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. "We review de novo issues of statutory interpretation." *In re Estate of Stan*, 301 Mich App 435, 442; 839 NW2d 498 (2013). "The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the legislature." *In re Reizwitz*, 236 Mich App 158, 163; 600 NW2d 135 (1999) (citation omitted). "The legislature is presumed to have intended the meaning it plainly expressed." *Id*. (citation omitted). Clear and unambiguous statutory language must be enforced as written. *Id.*

Primarily, the parties dispute the proper application of MCL 700.5425. Petitioner contends that the trial erred when it did not allow any of petitioner's expenses because MCL 700.5425 provides that a conservator may expend money reasonably necessary for the support, education, care, or benefit of the protected individual and all of the expenses listed were for those purposes. MCL 700.5425 provides, in relevant part:

> A conservator may expend or distribute estate income or principal without court authorization or confirmation for the support, education, care, or benefit of the protected individual or the protected individual's dependents in accordance with the following principles:
>
> (a) The conservator shall consider a recommendation relating to the appropriate standard of support, education, and benefit for the protected individual or a dependent made by a parent or guardian, if any. The conservator shall not be surcharged for money paid to a person or organization furnishing support, education, or care to the protected individual or a dependent in compliance with the recommendation of the protected individual's parent or guardian unless the conservator knows that the parent or guardian derives personal financial benefit from that payment, including a benefit by relief from a personal duty of support, or that the recommendation is clearly not in the protected individual's best interests.
>
> (b) The conservator shall expend or distribute money reasonably necessary for the support, education, care, or benefit of the protected individual or a dependent with due regard to all of the following:

(i) The estate size, the conservatorship's probable duration, and the likelihood that the protected individual, at some future time, may be fully able to be wholly self-sufficient and able to manage business affairs and the estate.

(ii) The accustomed standard of living of the protected individual and the dependents.

(iii) Other money or sources used for the protected individual's support.

Pursuant to MCL 700.5425, a conservator may expend or distribute estate income for the support, education, care, or benefit of the protected individual, in accordance with several principals. Turning to those principals, MCL 700.5425(a) first provides "The conservator shall consider a recommendation relating to the appropriate standard of support, education, and benefit for the protected individual or a dependent made by a parent or guardian, if any." Here, it seems appropriate to consider petitioner's recommendation, in his role as parent, regarding the appropriate standard for the support, education, and benefit of his son. In this case, petitioner asserts that the minor child was exhibiting learning difficulties, "as well as problems and reluctance in making attachments to friends and authority figures." According to petitioner, the minor child also expressed fear of losing petitioner and being alone. Therefore, petitioner enrolled his son in private school and organized sports teams, and arranged trips to see family located out of state. The minor child also needed orthodontic procedures above and beyond ordinary dental needs. Petitioner requested payment from the insurance proceeds to cover these supplemental expenses.

MCL 700.5425(a) continues, and provides that the conservator will not be surcharged for money expended consistent with the parent's recommendation unless the conservator knew that the parent derived "personal financial benefit from the payment, including a benefit by relief from a personal duty of support[.]" Respondent argues, and the trial court found, that this principal was violated by petitioner. Specifically, the trial court found that petitioner, as the child's parent, was legally responsible for the support of his son. Given petitioner's income, which included social security payments received on the child's behalf as well as petitioner's earnings, compared to the expenses claimed by petitioner, the court found that the expenses were excessive, and, essentially, that petitioner would derive a personal financial benefit from receipt of the funds. Specifically, the trial court noted that the amount petitioner received yearly from social security was $22,600, and the claimed expenses were $6,000 less than that amount. The trial court concluded that the social security funds alone were sufficient to cover the expenses claimed without using the insurance proceeds. Respondent's argument on appeal mirrors the findings and logic of the trial court. According to respondent, the trial court correctly found that petitioner derived a personal financial benefit, and it was unreasonable and unnecessary for him to use the insurance proceeds on the claimed expenses. On the other hand, petitioner claims that these expenses were "disbursed solely for the health, education and welfare of [the child] and separate and extraordinarily above the ordinary care provided by [petitioner] through he and [the child's] ordinary income." The funds were expended in the child's best interest, and he did not derive personal financial benefit.

-3-

MCL 700.5425(b) provides several other factors to be considered when expending money that is "reasonably necessary for the support, education, care, or benefit of the protected individual[.]" These factors include:

 (i) The estate size, the conservatorship's probable duration, and the likelihood that the protected individual, at some future time, may be fully able to be wholly self-sufficient and able to manage business affairs and the estate.

(ii) The accustomed standard of living of the protected individual and the dependents.

(iii) Other money or sources used for the protected individual's support.

In this case, the factors listed, especially the accustomed standard of living of the minor child and the other money or sources used for the protected individual's support, are directly related and applicable to the above discussion and the trial court's findings.

We conclude that the trial court did not clearly err in denying petitioner reimbursement for the claimed expenses. Again, a trial court's findings are clearly erroneous when, after reviewing the evidence, we are left with a definite and firm conviction that a mistake has been made. *In re Townsend Conservatorship*, 293 Mich App at 186. Here, the trial court based its finding on sound reasoning and conclusions. As stated by the trial court, it seems intuitive that a parent has an obligation to support his or her own child, see MCL 722.3, and MCL 700.5425(a) explains that personal financial benefit may arise from "relief from a personal duty of support." Further, the record evidence supports the trial court's findings. The trial court emphasized that the claimed expenses by petitioner were cumulatively less than petitioner receives from social security benefits for the minor child. As such, use of the insurance proceeds was excessive and unnecessary. Petitioner offered no evidence or argument of why or how the social security benefits were insufficient to cover the listed expenses and only summarily asserts that social security benefits were used to cover ordinary needs. In addition, petitioner also earns a middle class wage, which he does not dispute is at least $50,000, which the trial court held could be used to cover everyday expenses for petitioner and the minor child. Moreover, the factors presented in MCL 700.5425(b) lend further support to the trial court's holding. The court considered the estate size, including the social security income. The court also considered petitioner and the minor child's standard of living, particularly in relation to the income received by petitioner. While petitioner disagrees with the court's findings, we conclude that no clear error exists because, after our review of the relevant law and the record evidence, we are not left with a definite and firm conviction that the trial court erred.

Affirmed. Respondent, the prevailing party, may tax costs. MCR 7.219.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood

-4-