# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ST. THOMAS ESTATE.

---

DOREEN CHASTAIN, Personal Representative of
the Estate of MARY CATHERINE ST. THOMAS,

        Appellee,

v

GREGORY J. ROHL,

        Appellant.

UNPUBLISHED
July 28, 2015

No. 321060
Wayne Probate Court
LC No. 2008-731301-DE

---

Before: SAWYER, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

Appellant, Gregory J. Rohl (Rohl), appeals as of right an order denying his petition to vacate or modify a surcharge order against him. We affirm.

This case arises from Rohl's legal representation of Mary Catherine St. Thomas (decedent) in a personal injury action, which settled roughly three weeks before decedent's death. Rohl subsequently represented appellee, Doreen Chastain (Chastain), in her role as personal representative of decedent's estate. Evidently, Rohl retained $140,000, which represented decedent's share of the personal injury settlement, in Rohl's IOLTA account. Those funds were subsequently embezzled by Rohl's secretary and one of his former clients. The probate court granted Chastain's petition to surcharge Rohl for harm caused to decedent's estate as a result of Rohl's breach of fiduciary and ethical duties.

On appeal, Rohl first argues that the probate court erred by entering an order surcharging Rohl without affording him a requested evidentiary hearing. We disagree.

"A trial court's decision on whether to conduct an evidentiary hearing is reviewed for an abuse of discretion." *Brown v Loveman*, 260 Mich App 576, 599; 680 NW2d 432 (2004) (citing *Bielawski v Bielawski*, 137 Mich App 587, 592; 358 NW2d 383 (1984). A lower court abuses its discretion when it "chooses an outcome falling outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010) (citing *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003)).

-1-

Rohl has abandoned this issue by failing to cite any legal authority in support of his argument that the probate court erred by denying Rohl an evidentiary hearing. *King v Oakland Co Prosecutor*, 303 Mich App 222, 236; 842 NW2d 403 (2013) (citing *Hughes v Almena Twp*, 284 Mich App 50, 71-72; 771 NW2d 453 (2009)). Moreover, the probate court did not abuse its discretion by denying Rohl's request for an evidentiary hearing because the court properly concluded that the record evidence was sufficient to decide the issue before it. See, e.g., *John J Fannon Co v Fannon Prods, LLC*, 269 Mich App 162, 171; 712 NW2d 731 (2005) (holding that a trial court did not abuse its discretion by denying a request for an evidentiary hearing where the trial court had sufficient evidence to decide the issue before it).

Rohl next argues that the probate court erred by surcharging him. First, he contends that the probate court erred because Rohl's retention of decedent's $140,000 was a proper response to pending creditor claims. Second, he argues that the probate court erred by holding Rohl vicariously liable for the criminal acts of third parties. We disagree with both claims of error.

This Court reviews a probate court's decision regarding a petition to surcharge for an abuse of discretion. *In re Baldwin Trust*, 274 Mich App 387, 397; 733 NW2d 419 (2007). A probate court's factual findings are reviewed for clear error. *In re Townsend*, 293 Mich App 182, 186; 809 NW2d 424 (2011) (citing *In re Bennett Estate*, 255 Mich App 545, 549; 662 NW2d 772 (2003)).

As discussed in detail by *Persichini v William Beaumont Hosp*, 238 Mich App 626, 639-642; 607 NW2d 100 (1999), this Court has long recognized that lower courts have inherent authority to impose various sanctions upon attorneys for misconduct. Attorneys owe a fiduciary duty to their clients and must act with absolute loyalty in seeking the best interests of their clients. *Alpha Capital Mgmt v Rentenbach*, 287 Mich App 589, 603-604; 792 NW2d 344 (2010).

Rohl claims that he intentionally retained $140,000 of settlement proceeds that belonged to decedent. He argues that his actions were proper because he could not have distributed those assets due to creditor claims. This argument fails to recognize that, even if Rohl was required to retain the money, he still had a duty to prudently invest it for the estate's benefit.

Pursuant to Michigan's codified "prudent investor rule," MCL 700.1501 *et seq.*, a fiduciary must "invest and manage assets held in a fiduciary capacity as a prudent investor would," MCL 700.1502, and prudent investment and management of such assets must be implemented "[w]ithin a reasonable time after accepting appointment as a fiduciary or receiving fiduciary assets," MCL 700.1505. Additionally, MRPC 1.15(e) lists factors an attorney should consider regarding whether to place client funds in the attorney's general IOLTA account, which generates no interest income for the client, or a "non-IOLTA account," which yields interest:

> (1) the amount of interest or dividends the funds would earn during the period that they are expected to be deposited in light of (a) the amount of the funds to be deposited; (b) the expected duration of the deposit, including the likelihood of delay in the matter for which the funds are held; and (c) the rates of interest or yield at financial institutions where the funds are to be deposited;

(2) the cost of establishing and administering non-IOLTA accounts for the client or third person's benefit, including service charges or fees, the lawyer's services, preparation of tax reports, or other associated costs;

(3) the capability of financial institutions or lawyers to calculate and pay income to individual clients or third persons; and

(4) any other circumstances that affect the ability of the funds to earn a net return for the client or third person.

The probate court's conclusion that Rohl was subject to surcharge for violating his ethical and fiduciary duties was not an abuse of discretion because it falls within the range of principled outcomes. Even if Rohl could not have distributed the estate's assets because he was holding those assets in a fiduciary capacity pending the resolution of any creditor liens, Rohl still had a fiduciary duty to prudently invest the assets for the benefit of the estate. Further, Rohl had an ethical duty under MRPC 1.15 to safeguard client assets, including the duty to place such assets in an interest-bearing account where doing so made financial sense. By failing to properly invest the funds for the benefit of decedent's estate, Rohl violated these duties. Since a fiduciary may be surcharged for any detriment to the estate caused by breach of a fiduciary duty, *In re Thacker Estate*, 137 Mich App 253, 264; 358 NW2d 342 (1984), the probate court's surcharge of Rohl was proper.

Rohl further argues that the probate court erred because, by surcharging Rohl, the probate court held him "liable" for the criminal actions of third parties. This argument is completely misplaced. Rohl cites *Hamed v Wayne Co*, 490 Mich 1; 803 NW2d 237 (2011), claiming that the *Hamed* Court "held that an employer cannot be vicariously liable for the criminal acts of its employees." The *Hamed* Court actually held that "an employer's liability for the criminal acts of its employees is *limited* to those acts it can reasonably foresee or reasonably should have foreseen." *Id.* at 13 (emphasis added). In any event, *Hamed* involved an employer's vicarious liability in a negligence action under the doctrine of respondeat superior. *Id.* at 13-16. Thus, *Hamed* is inapposite. Indeed, the probate court did not impose *vicarious* liability; it surcharged Rohl for personally violating fiduciary and ethical duties he owed to his clients. See *In re Estate of Karmey*, 468 Mich 68, 74 n 3; 658 NW2d 796 (2003) (explaining that a fiduciary relationship is a personal relationship generally involving trust and inequality of power that "exists as fact when 'there is confidence reposed on one side, and [a] resulting superiority and influence on the other.'") (quoting *In re Wood Estate*, 374 Mich 278, 283; 132 NW2d 35 (1965), overruled on other grounds by *Widmayer v Leonard*, 422 Mich 280, 286-289 (1985)).

Affirmed.

/s/ David H. Sawyer
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello

-3-