# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Conservatorship of WILLIAM DANIEL JACOB.

---

JENCY MARCANTEL,

        Petitioner-Appellee,

and

JENNIFER M. KELLY, Conservator,

        Appellee,

v

WILLIAM DANIEL JACOB,

        Respondent-Appellant.

UNPUBLISHED
January 17, 2017

No. 329390
Jackson Probate Court
LC No. 10-012119-CA

---

Before: WILDER, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

Respondent appeals as of right the probate court's order granting petitioner's motion to appoint a conservator. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This appeal arises out of proceedings in the Jackson County Probate Court which were begun by petitioner in an effort to have the probate court appoint a conservator for respondent. Respondent and petitioner are brother and sister. Petitioner requested the appointment of a conservator for her brother because, she alleged, respondent could not manage his property due to chronic use of drugs and intoxication. Petitioner asserted that respondent had wasted "large sums of money" and had "criminal issues because of chronic drug and alcohol addiction." The court appointed Jennifer Kelly temporary "conservator of all assets of the individual's estate."

The probate court conducted an evidentiary hearing during which it was revealed that respondent currently earns $160,000 to $180,000 per year through distributions from family-owned businesses. Petitioner testified that the family had made numerous attempts to curb

-1-

respondent's perceived alcohol and drug problems by enrolling him in treatment programs, including Hazleton. Respondent testified that he had been arrested on two occasions and convicted of drunk driving. Additionally, respondent affirmatively responded to questions that prior girlfriends had to take out person protection orders (PPO) against respondent.

It was also revealed that respondent had left the family business and moved to Las Vegas in 2012. When respondent arrived in Las Vegas he had approximately $248,000 in a brokerage account but by December of 2014 he had no money left in the account. When asked by petitioner's counsel and the probate court to account for the $248,000, respondent provided some explanations; however, of critical importance to the probate court was respondent's refusal to answer the question as to how much of the money was used to purchase drugs. Following the evidentiary hearing, Kelly was appointed permanent conservator over respondent's estate. This appeal then ensued.

## II. ANALYSIS

We review "a probate court's appointment or removal of a fiduciary for an abuse of discretion." *In re Williams Estate*, 133 Mich App 1, 11; 349 NW2d 247 (1984). A court abuses its discretion in reaching a decision when the "decision falls outside the range of reasonable and principled outcomes." *Maldonado v Ford Motor Co*, 476 Mich 372, 388, 719 NW2d 809 (2006). A probate court's findings of fact are reviewed for clear error. *In re Townsend Conservatorship*, 293 Mich App 182, 186, 809 NW2d 424 (2011). "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. This Court reviews de novo issues of statutory interpretation. *Id.*

On appeal, respondent argues that there was insufficient evidence to establish that respondent could not manage his affairs. Respondent argues that a cognitive impairment does not establish the inability for one to manage their finances and the probate court's reliance on past "waste and dissipation of assets" was legally insufficient to establish that respondent had the inability to manage his money. Thus, respondent argues, the probate court's appointment of a conservator should be reversed.

Under the Estates and Protected Individuals Code, MCL 700.1101 *et seq*., a court may appoint a conservator if two conditions are satisfied:

> (a) The individual is unable to manage property and business affairs effectively for reasons such as mental illness, mental deficiency, physical illness or disability, chronic use of drugs, chronic intoxication, confinement, detention by a foreign power, or disappearance.

> (b) The individual has property that will be wasted or dissipated unless proper management is provided, or money is needed for the individual's support, care, and welfare or for those entitled to the individual's support, and that protection is necessary to obtain or provide money. [MCL 700.5401(3)(a), (b).]

Both elements must be established by clear and convincing evidence. MCL 700.5406(7). When evidence is clear and convincing it

produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. Evidence may be uncontroverted, and yet not be clear and convincing. Conversely, evidence may be clear and convincing despite the fact that it has been contradicted. [*In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995) (internal quotation marks and citations omitted).]

To the extent respondent argues that the probate court should not have used his alleged drug use as the reason he is unable to manage his affairs, we find that the plain language of MCL 700.5407(3)(a) renders this argument meritless. MCL 700.5407(3)(a) plainly states that a court must consider whether "[t]he individual is unable to manage property and business affairs effectively for reasons such as . . . chronic use of drugs . . . ." " 'If the statutory language is unambiguous, the Legislature is presumed to have intended the meaning expressed in the statute and judicial construction is not permissible.' " *Grimm v Dep't of Treasury*, 291 Mich App 140, 144-145; 810 NW2d 65 (2010), quoting *Mt Pleasant v State Tax Comm*, 477 Mich 50, 53; 729 NW2d 833 (2007).

Respondent also argues that the probate court conflated the standards set forth in MCL 700.5407(3) because it used respondent's drug use as evidence to meet both portions of the test. However, respondent cannot demonstrate to this Court where in the statute the probate court was restrained from finding that the same underlying condition cannot form the basis for the probate court's determination that a person cannot manage their affairs as well as the determination that assets would be wasted. Review of the cited statutes reveals that the underlying condition would, in many cases, impact both considerations. Additionally, the evidence adduced in the probate court disclosed that respondent was unable to manage his finances because of his drug and alcohol use. The record revealed ample evidence to demonstrate that respondent has a chronic drug problem. He admitted at the evidentiary hearing that he used illicit drugs, including cocaine, and that he had violated probation multiple times by failing drug tests. He also has a history of attending drug rehabilitation centers. While commendable, this history shows a continuing drug habit that has not been stemmed even with the assistance of drug treatment professionals. Furthermore, the evidence was uncontroverted that respondent's brokerage account began 2012 with approximately $268,000, and that by the end of 2014 the account had a zero balance. As previously indicated, respondent receives approximately $160,000 to $180,000 each year as income from the family businesses. However, despite what the probate court characterized as "this significant income stream," respondent's brokerage account was completely drained. Respondent was unable, or unwilling, to account for the depletion.

From the evidence discussed above, we cannot find error in the probate court's ruling that respondent suffered from "chronic ongoing use of drugs, and chronic intoxication." Additionally, given the significant funds that respondent has already dissipated, and evidence to indicate this pattern will likely continue, the trial court did not abuse its discretion when it appointed a conservator to attend to respondent's finances.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher