PRESTON v GRANADA MANAGEMENT CORPORATION

Docket No. 121966. Submitted November 8, 1990, at Grand Rapids.
    Decided March 8, 1991; approved for publication May 1, 1991,
    at 9:00 A.M.

Bruce A. Preston and Robert L. Schwartz, for themselves and on
    behalf of all other limited partners in four livestock investment
    trusts managed by general partner Granada Management Cor-
    poration, brought an action in the Kent Circuit Court against
    Granada Management, alleging that the assessment of an
    annual administrative fee fixed at four percent of the limited
    partners' original net capital investment despite losses in the
    underlying livestock business was in breach of the defendant's
    fiduciary duty and wasted partnership assets. The court, H.
    David Soet, J., granted summary disposition for the defendant.
    The plaintiffs appealed.

    The Court of Appeals *held:*

    The trial court correctly found that the undisputed facts of
    this case indicated no breach of fiduciary duty or waste of
    partnership assets.

    1. The consent of a beneficiary to an act or omission of a
    trustee generally precludes the beneficiary from holding the
    trustee liable for breach of the fiduciary duty of trust. However,
    where the trustee has an adverse interest in a transaction, the
    consent of the beneficiary does not preclude the beneficiary
    from holding the trustee liable for breach of trust if the
    transaction to which the beneficiary consented involved a bar-
    gain which was not fair and reasonable. In this case, because
    the parties agreed that the administrative fee was fair and
    reasonable at the time it was adopted and because the possibil-
    ity of nonprofitability was fully disclosed to investors, it cannot
    be said that the bargain reached by the plaintiffs and the
    defendant with respect to the administrative fee was unfair and
    unreasonable.

    2. The plaintiffs' claim of waste of partnership assets is
    without merit in the absence of any allegations of fraud or

REFERENCES
Am Jur 2d, Partnership §§ 1333, 1334, 1341; Trusts §§ 335-337.
See the Index to Annotations under Limited Partnerships; Trusts.

mismanagement and any citation of applicable authority with respect to the issue of waste.

Affirmed.

TRUSTS — TRUSTEES — BREACH OF FIDUCIARY DUTIES — CONSENT OF BENEFICIARIES.

The consent of a beneficiary to an act or omission of a trustee generally precludes the beneficiary from holding the trustee liable for breach of the fiduciary duty of trust; however, where the trustee has an adverse interest in a transaction, the consent of the beneficiary does not preclude the beneficiary from holding the trustee liable for breach of trust if the transaction to which the beneficiary consented involved a bargain which was not fair and reasonable.

*Warner, Norcross & Judd* (by *Roger M. Clark, James F. Bossenbrock,* and *Mark S. Bransdorfer*), for the plaintiffs.

*Buchanan & Bos* (by *John C. Buchanan* and *Bradley K. Glazier*) (*Keck, Mahin & Cate,* by *Grant Cook* and *Robert A. Plessala*, of Counsel), for the defendant.

Before: NEFF, P.J., and MAHER and HOOD, JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of the circuit court granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). This action was commenced by two limited partners, Bruce A. Preston and Robert L. Schwartz, for themselves and on behalf of all other investors in four investment trusts known as Granada 1, Granada 2, Granada 3, and Granada 4. The focus of the issue on appeal is whether a yearly four percent fixed administration fee is excessive.

I

Plaintiffs are limited partners in four livestock

investment enterprises (Granada 1, 2, 3, and 4) organized under Texas law. Defendant, a Michigan corporation, is the sole general partner and has been in control of the partnership affairs continuously since the inception of the partnership. The limited partnership interests were sold publicly via offering materials that were registered with the Securities and Exchange Commission and the various state securities bureaus, including Michigan's. Investors, such as plaintiffs, received limited partnership interest in return for, and in proportion to, cash contributions. Included in the prospectus and partnership agreement was a reference to a flat-rate administrative fee payable to the general partner on a yearly basis. The fee was fixed at four percent of the limited partners' original net capital investment. There is no provision for any change in the four percent fee. The four percent fee is used for expenses such as salaries and office expenses. If costs exceed the four percent amount, the general partner makes up the difference. Conversely, if the expenses are less than four percent, the general partner keeps the excess.

The prospectus issued by defendant makes clear the highly speculative nature of the investment and the conflict of interest inherent in the administrative fee arrangement. In fact, the first page of the prospectus contains the following statement:

> The securities offered hereby involve (a) a high degree of risk, (b) conflicts of interest of the general partner and affiliates, and (c) payments to the general partner and affiliates whether or not profits are made by the partnership. (See "risk factors," "conflicts of interest" and "compensation")

Because of the high-risk nature of the investment, only sophisticated investors meeting certain

minimum income and asset levels were invited to participate. The prospectus clearly conveys the notion that if, as an investor, one is financially unable to sustain the loss of the investment, the investment should not be made.

The original cash contributions for the partnerships totaled $258.6 million. The businesses have failed to thrive since their inception, and the investors have lost in excess of $200 million of their original investment.

Plaintiffs filed suit, claiming that the four percent administrative fee was excessive because of changed circumstances within the business, i.e., no profits. Plaintiffs allege that defendant, as a fiduciary, breached its duty of loyalty to plaintiffs by collecting the four percent administrative fee. Plaintiffs also allege that, by charging this fee, defendant failed to act in the best interest of the beneficiaries because defendant placed its own pecuniary interests ahead of the beneficiaries' interests and improperly diverted partnership property into its own pocket. Plaintiffs further allege that, because defendant undertook fiduciary obligations to the limited partners, the standards of trust law rather than prior fee formulas and contract law should be controlling.

Defendant claims that this is not a case where the trial court failed to apply fiduciary principles. Rather, defendant contends that the facts alleged by plaintiffs show no breach of that fiduciary duty. Defendant does not dispute plaintiffs' contention that it owed a fiduciary duty to plaintiffs as limited partners. However, defendant claims that plaintiffs' consent to the fee formula is fatal to their claim.

In addition to breach of fiduciary duty, plaintiffs claim breach of contract and waste of partnership assets. A motion for summary disposition was filed

by defendant against plaintiffs' three-count complaint. Plaintiffs in turn filed a second amended complaint, alleging a fourth count, breach of the Texas Deceptive Trade Practices-Consumers Protection Act.

The circuit court entered an order granting defendant's motion and dismissing plaintiffs' second amended complaint for the reasons set forth in the court's written opinion dated September 19, 1989. The court concluded that, among other things, because plaintiffs had knowledge of and agreed to the four percent fixed administration fee, because plaintiffs admitted the fee was reasonable at the time the agreement was signed, and because plaintiffs raised no allegations of mismanagement, misuse, or fraud on the part of defendant, plaintiffs' claim must fail as a matter of law. Plaintiffs appeal as of right. We affirm.

II

Plaintiffs assert that the trial court erred in elevating defendant's contract rights above its fiduciary duties and in granting defendant's motion for summary disposition. We disagree.

A

A motion for summary disposition under MCR 2.116(C)(10) tests whether there was factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988). The party opposing the motion has the burden of showing that a genuine issue of disputed fact exists. *Pantely v Garris, Garris & Garris, PC,* 180 Mich App 768, 773; 447 NW2d 864 (1989).

The record before us indicates that there is no genuine issue of material fact in dispute. The parties acknowledge the existence of the contract, agree the contract is valid, and also agree that, at the time of contracting, the terms were reasonable. Furthermore, plaintiffs do not allege that defendant in any way has mismanaged or misused the money.

### B

The consent of a beneficiary to an act or omission of a trustee precludes the beneficiary from holding the trustee liable for breach of his fiduciary duty of trust. 1 Restatement Trusts, 2d, § 216(1), pp 498-499. Plaintiffs assert that § 216(3) of the Restatement of Trusts provides an exception to the general rule that a beneficiary who consents to a transaction is precluded from bringing suit for breach of fiduciary duties. This subsection provides that where a trustee has an adverse interest in a transaction, the consent of the beneficiary does not preclude him from holding the trustee liable for breach of trust if the transaction to which the beneficiary consented involved a bargain which was not fair and reasonable. Here, however, plaintiffs do not contend that the four percent fee was unreasonable or excessive at the time they agreed to it, but, rather, that the fee became excessive because the partnership assets have been eroded. Because the possibility of the decline in value of partnership assets was fully disclosed to plaintiffs, we cannot say that the bargain was not fair and reasonable.

According to § 17.04 of the partnership agreement, Texas law controls. Plaintiffs contend that we should adopt the position of the Texas Court of Civil Appeals in *Crenshaw v Swenson,* 611 SW2d

886 (1980). The court in *Crenshaw* stated that a general partner, acting in complete control, stands in the same fiduciary capacity to the limited partners as a trustee stands to the beneficiaries of the trust and, as such, owes special duties to the limited partners. *Id.,* p 890. Even if we applied *Crenshaw* on the facts presented here, we would find that defendant has not breached its fiduciary duties because plaintiffs consented to the transaction and the bargain was fair and reasonable.

Plaintiffs cite *Rogers v Hill,* 289 US 582; 53 S Ct 731; 77 L Ed 1385 (1933), in support of their argument that the changed circumstances may render a once reasonable compensation agreement excessive and unlawful. *Rogers* dealt with bonus payments to officers of the corporation based on a percentage of corporate profits. Because of a significant increase in the profits of the corporation, stockholders claimed the bonuses paid had reached unreasonable proportions. The court in *Rogers* held that the facts as alleged were sufficient to require an inquiry into the reasonableness of the bonuses paid in light of the increase in profits. *Id.,* p 591.

There are several major distinctions between *Rogers* and this case. The amount paid to the officers in *Rogers* was based on a fluctuating standard, i.e., the amount of profits, and could reasonably be construed as a gift. In this case, the amount paid is a fixed fee that was agreed upon by all parties and was part of the underlying contract that established the terms of the partnership. Moreover, the fixed fee was designated to cover costs and salaries associated with the administration of the business, not as a bonus for services rendered. If, as the parties agree, the fee was reasonable at its inception to cover these costs, and if the amount of the fee or the costs have not

changed, there is no logical basis to now question the reasonableness of the fee. Therefore, plaintiffs' reliance on *Rogers* is unfounded.

C

Because plaintiffs do not allege fraud, mismanagement, or inattention to duties on the part of defendant and cite no applicable authority with regard to the issue of waste, their contention that the four percent fee constitutes waste is also without merit.

Affirmed.