*In re* BENNETT ESTATE

Docket No. 237986. Submitted February 11, 2003, at Lansing. Decided March 4, 2003, at 9:00 A.M.

Comerica Bank, as personal representative of the estate of John S. Bennett, had the decedent's will admitted to probate in the Ingham County Probate Court, and filed a petition for settlement and distribution of the decedent's estate as follows: fifty percent to the decedent's surviving spouse and the remainder divided equally among the decedent's four natural children. Objections to the distribution were filed by one of the decedent's stepchildren, claiming that the surviving spouse had been provided for outside the will, and that the stepchildren were entitled to shares under the will. The probate court, R. George Economy, J., concluded that the surviving spouse was entitled to fifty percent of the estate, with the remaining fifty percent to be divided equally among the four natural children and the four stepchildren. Richard Bennett and Barbara Marko, two of the decedent's natural children, appealed.

The Court of Appeals *held*:

1. MCL 700.2301 provides for distribution of an estate where, as in this case, a testator's spouse married the testator after the testator executed his will. The surviving spouse is entitled to an intestate share of the estate, which is computed by first deducting property devised to a child of the testator born before the testator's marriage to the surviving spouse, and who is not a child of the surviving spouse. The term "child" does not include stepchildren. MCL 700.1103(f).

2. The decedent's will left his entire estate to his wife unless she predeceased the decedent, in which case the decedent's four natural children and four stepchildren inherited equally. The decedent's wife predeceased him, and he married Blanche Bennett, the surviving spouse. Under the terms of the decedent's will, and as provided in MCL 700.2301, the decedent's natural children were entitled to fifty percent of the estate, with the surviving spouse taking her intestate share from the remainder. Because the estate was small, the surviving spouse was entitled to the remainder of the estate under MCL 700.2102(f), and the devises to the decedent's stepchildren were reduced to zero. MCL 700.2301.

3. There was no evidence to support the argument that the surviving spouse was not entitled to her intestate share because the decedent had provided for her outside the will through certain transfers, because there was no evidence that the decedent expressed such an intent, nor was there any evidence regarding the amounts or sources of the claimed transfers. MCL 700.2301(2)(c).

4. The trial court clearly erred in failing to apply the clear and unambiguous language of MCL 700.2301. The proper distribution of the estate was that sought by the personal representative: fifty percent to the four natural children of the decedent, divided equally, and the remaining fifty percent to the surviving spouse.

Reversed and remanded.

UAW-GM Legal Services Plan (by *Laurin C. Roberts Thomas*) for the respondents.

Before: NEFF, P.J., and BANDSTRA and KELLY, JJ.

PER CURIAM. This is an appeal from a probate court order of distribution of a residual estate after a trial with regard to objections to the personal representative's petition for complete estate settlement. We reverse and remand.

I

John Smith Bennett died on July 12, 2000. He left a will dated April 27, 1977, that bequeathed his entire estate to his wife, Aletha Bennett. The will further provided that in the event Aletha preceded John in death, the estate was bequeathed in equal shares to John's four natural children and his four stepchildren.[1] Aletha predeceased John and he remarried, but did not change his will.

The will was admitted to probate and the personal representative was appointed in accordance with the

---

[1] John's four natural children were the issue of a previous marriage. His stepchildren were Aletha's children from a previous marriage.

directions of the will. The assets of the estate were principally a car worth in excess of $10,000 and real property worth in excess of $132,000.[2] The personal representative petitioned the court to distribute the assets of the estate as follows: fifty percent to Blanche Bennett, John's surviving spouse, and 12½ percent to each of John's four natural children named in his will.[3]

Objections to the distribution were filed claiming that Blanche was not entitled to anything from the estate because she had received her share outside the will, and that the stepchildren were entitled to their shares under the will along with the natural children. In the alternative, the objections claimed that even if Blanche was entitled to fifty percent of the estate, the stepchildren were still entitled to shares under the will equal to those of the natural children.

A trial was held with regard to the personal representative's petition for complete estate settlement and approval of the distribution noted above. The parties did not produce any witnesses and no exhibits were offered. The trial consisted of arguments by the attorneys for the personal representative and the objecting party regarding their differing positions concerning the proper distribution of the residual estate.[4] The attorney representing Blanche merely supported the

---

[2] The real estate had previously been the subject of negotiations for sale on land contract. The court granted the petition of the personal representative to sell the real estate in accordance with the earlier negotiations, subject to discount rates (fifteen percent) to close the estate and distribute the assets.

[3] John had a fifth child who was incapacitated and who was expressly excluded from taking under the will, other provisions having been made for his care. A guardian ad litem represented this child in the probate court proceedings.

[4] The personal representative filed a trial brief.

position taken by the personal representative, as did the attorney representing the interests of two of the natural children who were named in the will.

The probate court ruled from the bench following the arguments. The court held that John Smith Bennett intended to leave his estate to his wife and the eight named devisees in the will, the four natural children and the four stepchildren. He therefore ordered that Blanche was entitled to fifty percent of the estate, and the remaining fifty percent was to be divided equally among the four natural children and the four stepchildren named in the will as alternative beneficiaries of the estate. It is from this order that appellants, two of the natural children of John Smith Bennett, appeal.[5]

II

This case is controlled by the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.* EPIC became effective on April 1, 2000. On the basis of the facts of this case, we hold that the plain language of the statute requires distribution of the estate in accordance with the petition of the personal representative.[6]

---

[5] Only the appellants filed a brief on appeal.

[6] The limited amount of estate assets in this case permits a distribution of the entire estate based on the percentages requested in the petition, because the available assets are less than the statutory intestate share to which Blanche is entitled. Thus, it is the size of the estate that dictates the particular result in this case, i.e., that the stepchildren's devises are reduced to zero.

A

The standard of review on appeal in cases where a probate court sits without a jury is whether the court's findings are clearly erroneous. *In re Williams Estate*, 133 Mich App 1, 13; 349 NW2d 247 (1984). A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding. *In re Wojan Estate*, 126 Mich App 50, 52; 337 NW2d 308 (1983).

B

We need look no further than the plain language of MCL 700.2301 to determine that the probate court clearly erred in granting twenty-five percent of the residual estate to the stepchildren of the decedent, John Smith Bennett. Section 2301 of EPIC provides for the distribution of an estate where, as here, a testator's spouse married the testator *after* the testator executed his will. In that instance, the surviving spouse is entitled to take a portion of the estate as an intestate share. The intestate share of the surviving spouse is computed by deducting property devised to a *child* of the testator born before the testator's marriage to the surviving spouse and who is not also a child of the surviving spouse. The definition of "child" under EPIC does not include a stepchild. MCL 700.1103(f).

The specific, applicable language of MCL 700.2301 is:

(1) Except as provided in subsection (2), if a testator's surviving spouse marries the testator after the testator executes his or her will, the surviving spouse is entitled to

receive, as an intestate share, not less than the value of the share of the estate the surviving spouse would have received if the testator died intestate as to that portion of the testator's estate, if any, that is not any of the following;

(a) Property devised to a child of the testator who was born before the testator married the surviving spouse and who is not the surviving spouse's child.

\*     \*     \*

(3) In satisfying the share provided by this section, devises made by the will to the testator's surviving spouse, if any, are applied first, and other devises, other than a devise to a child of the testator who was born before the testator married the surviving spouse and who is not the surviving spouse's child or a devise or substitute gift under section 2603 or 2604 to a descendant of such a child, abate as provided in section 3902.

In the context of these facts, EPIC limits the assets available to satisfy the intestate share[7] of the surviving spouse, Blanche, to that part of the estate not devised to the natural children, and it abates the devise to the stepchildren, who do not meet the statutory definition of "child." In other words, the statute provides that a surviving spouse in Blanche's position, i.e., one who married the testator after he executed his will, is entitled to an intestate share of her spouse's estate. The statute further provides the method for determining the intestate share Blanche may claim: look to the will, deduct the devises to the natural children, and pay the surviving spouse's statutory share under MCL 700.2102(1)(f)[8] to the extent possible, from the remainder.

---

[7] The amount of the intestate share is limited by the provisions of MCL 700.2102.

[8] MCL 700.2102(1)(f) allocates to a surviving spouse "[t]he first $100,000.00, plus ½ of any balance of the intestate estate, if none of the

Under the will, the natural children would have taken fifty percent of the estate if John had not married Blanche, and they are entitled to that share. Blanche takes her intestate share from the remainder. Because the value of this estate is less than $200,000, there is less than $100,000 remaining after the fifty percent devise to the natural children. Thus, Blanche is entitled to the entire remaining amount pursuant to subsection 2102(1)(f), and the devises to the stepchildren are reduced to zero. The probate court clearly erred in failing to apply the dictates of the statute to the facts of this case.

C

In the trial court, the argument in opposition to the distribution requested by the personal representative was that the testator provided for the surviving spouse outside the will and that, therefore, Blanche was not entitled to an intestate share.[9] In the alternative, the argument was that if Blanche was entitled to her intestate share of the estate, the share devised to the stepchildren did not abate.[10] However, there was only unsubstantiated argument by counsel for the objecting party concerning the claimed transfers by way of jointly held funds and property outside the will. There was no evidence of the amount of the claimed transfers or of the source of the claimed

decedent's surviving descendants are descendants of the surviving spouse."

[9] The probate court did not rule specifically with regard to this argument.

[10] The probate court's ruling, in essence, accepted the argument that the devises to the stepchildren did not abate, but the court cited no statutory authority for this conclusion, ruling only on the basis of its determination of the testator's intent.

transfers, i.e., whether the money and property came from the decedent's separate property, the surviving spouse's separate property, or from sources joint to both.[11]

The plain language of subsection 2301(2)(c) of the statute requires proof of intent that the transfers were to be a substitute for a testamentary provision, *shown by the testator's statements*, or that such intent could be *inferred from the amount of the transfer* or other evidence. The statute provides:

> (2) Subsection (1) does not apply if any of the following are true:
>
> *          *          *
>
> (c) The testator provided for the spouse by transfer outside the will, and the intent that the transfer be a substitute for a testamentary provision is shown by the testator's statements or is reasonably inferred from the amount of the transfer or other evidence.

On the record before us, there is a complete failure of proof with regard to any of the statutory standards; there was no evidence that the testator expressed any such intent; there was no evidence of the amount of any claimed transfers or of their sources, if they were made; and, there was no other evidence from which to reach any conclusion with regard to transfers outside the will. See *Noble v McNerney*, 165 Mich App 586, 606; 419 NW2d 424 (1988); *In re Cole Estate*, 120 Mich App 539, 545; 328 NW2d 76 (1982).

---

[11] It should be noted that the attorney for the objecting party, after consulting with his client, declined the trial court's offer of an adjournment that would have enabled him to conduct discovery and to provide proofs concerning the claims of transfers outside the will.

D

The probate court did not refer to EPIC or to any statutory provision in reaching its decision. Instead, it looked to the will to determine the intent of the testator and based its dispositive ruling on that discerned intent. The court held that John intended to leave his estate to his wife and the eight individuals named, the children and stepchildren, in equal amounts. This is not at all the intent expressed in the will and, in fact, is contrary to the language of the will. Under the will, the surviving spouse took everything. The other beneficiaries would inherit *only if* John's wife predeceased him or died within thirty days of his death. So to say, as the probate court did, that the will expresses John's intent for his children and stepchildren to take in equal shares with his wife was clear error.

Regardless, the court's disposition violates the clear language of § 2301. The rules of statutory construction require that we reverse. Our primary goal in statutory interpretation is to give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). Nothing will be read into a clear statute that is not within the intent of the Legislature as derived from the language of the statute itself. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). Thus, we examine the language of the statute, and if it is clear and unambiguous, we are bound to apply it as written. *In re Messer Trust*, 457 Mich 371, 379-380; 579 NW2d 73 (1998); *Rheaume v Vandenberg*, 232 Mich App 417, 422-423; 591 NW2d 331 (1998).

The specific language of MCL 700.2301 is clear and unambiguous and, combined with the definitional lan-

guage of MCL 700.1103(f), compels our result. We hold that the proper distribution of John Smith Bennett's estate is that sought by the petition of the personal representative: 12½ percent to Barbara Marko, child of the decedent; 12½ percent to Jane Jakus, child of the decedent; 12½ percent to Richard Bennett, child of the decedent; 12½ percent to Shelly Beers, child of the decedent; and fifty percent to Blanche Bennett, the surviving spouse. The devises to the stepchildren abate, reducing them to zero.

Reversed and remanded for entry of an order consistent with this opinion. We do not retain jurisdiction.