# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* MCCARVER ESTATE.

---

DESTINEY VOLOSUK, as Personal
Representative of the Estate of JASON GEORGE
MCCARVER, and HAZEL RUFF,

      Appellees,

v

CINDY AZAR,

      Appellant.

UNPUBLISHED
April 21, 2016

No.  325377
Wayne Probate Court
LC No.  2013-790771-DE

---

Before:  JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

Appellant, Cindy Azar, appeals by right the trial court's order granting the motion for involuntary dismissal by appellee, Destiney Volosuk, denying admission of a holographic will to probate, denying admission of letter to probate, and declaring that the estate of Jason George McCarver shall continue as an intestate estate.  Because we conclude that the trial court clearly erred when it found that the document at issue was not a valid holographic will, we reverse and remand for further proceedings.

## I.  BASIC FACTS

In July 2013, McCarver walked into the office of his lawyer, Michael L. Kalis.  He asked Kalis' secretary, Deborah Knox, if he could meet with Kalis in order to prepare a will. McCarver told Knox that he would soon be leaving to go on vacation and planned to participate in dangerous activities.  Knox told him that Kalis was out of the office, but said he was welcome to wait.  McCarver inquired if he could just write out a will himself and Knox responded that she believed such a document would be a valid will.

As Knox answered a phone call, McCarver sat across from her and began to write on a piece of paper that he had brought with him to the office.  After several minutes of writing, he brought the piece of paper to Knox.  Knox suggested that McCarver sign and date the paper,

-1-

which he did. Knox then notarized the document. McCarver and Knox agreed that, after his vacation, McCarver would return to the office so that Kalis could prepare a formal will for him.

In August 2013, McCarver committed suicide. At the time, police officers were investigating allegations that he sexually assaulted Azar's daughter. Officers found and seized a paper that appeared to be written, signed, and dated by McCarver and notarized by Knox. The paper purported to be McCarver's last will and testament and bequeathed his entire estate to Azar. The will appointed Volosuk to be his personal representative. Officers also discovered a suicide letter. The officers turned over the letter and a copy of the will to Azar and gave the original copy of the will to Volosuk. Azar petitioned the trial court to admit the document to probate as a holographic will.

After hearing testimony from a handwriting expert, Ruth Holmes, as well as testimony from Knox and Azar, the court granted Volosuk's motion for involuntary dismissal under MCR 2.504(B)(2). The court found that Knox was credible, but Holmes was not. The court noted that before testifying in court, Holmes had only reviewed a copy the will. Although Holmes reviewed the original copy in court, she only reviewed it for approximately 20 seconds before again concluding that it was written, signed, and dated by McCarver. On the basis of this evidence, the trial court found that McCarver did not actually draft and execute the will. Consequently, it refused to admit the holographic will to probate and granted Volosuk's motion for involuntary dismissal.

Azar now appeals in this Court.

## II. ANALYSIS

Azar argues that the trial court erred when it granted Volosuk's motion for involuntary dismissal and denied admission of the holographic will to probate. This Court reviews a trial court's findings for clear error. *In re Estate of Bennett*, 255 Mich App 545, 549; 662 NW2d 772 (2003). "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id.* "The reviewing court will defer to the probate court on matters of credibility, and will give broad deference to findings made by the probate court because of its unique vantage point regarding witnesses, their testimony, and other influencing factors not readily available to the reviewing court." *In re Estate of Erickson*, 202 Mich App 329, 331; 508 NW2d 181 (1993). This Court reviews de novo a trial court's decision to grant a motion for involuntary dismissal. *Adair v Michigan*, 497 Mich 89, 101; 860 NW2d 93 (2014).

Generally, a will must be in writing, signed by the testator, and signed by at least two individuals, each of whom signed within a reasonable time after they witnessed the testator's signing of the will. MCL 700.2502(1). However, a document that does not meet these requirements may constitute a valid holographic will if the document "is dated, and if the testator's signature and the document's material portions are in the testator's handwriting." MCL 700.2502(2). It is undisputed that the document dated July 29, 2013, which Azar petitioned to admit to probate, does not meet the requirements set forth in MCL 700.2502(1). Therefore, the document can only be admitted if it is a valid holographic will under MCL 700.2502(2).

The document at issue is dated, signed, and is handwritten. However, after hearing the testimony by Holmes, Knox, and Azar, the trial court found that the handwriting was not McCarver's handwriting. Although the court found Knox's testimony to be credible, the court's decision rested on its determination that Holmes's testimony was not persuasive. The court noted that, in conducting her analysis prior to testifying in court, Holmes relied solely on a copy instead of the original. While Holmes eventually did review the original, the trial court rejected her testimony as unpersuasive because her review lasted only 20 seconds.

This Court has deferred to the trier of fact on the weight to be afforded a handwriting expert's testimony. *Marlo Beauty Supply, Inc v Farmers Ins Group of Companies*, 227 Mich App 309, 323; 575 NW2d 324 (1998), mod by *Harts v Farmers Ins Exch*, 461 Mich 1; 597 NW2d 47 (1999). However, even discarding Holmes's testimony in its entirety, the testimony by Knox amply demonstrated that McCarver actually drafted and signed the document purporting to be a holographic will. Knox testified about McCarver's visit and watched as he sat across from her and drafted the document. She further testified that she watched him sign and date it after she advised him to do so and notarized it. The document later found in McCarver's home appears to be the same document.

While this Court must defer to the trial court on matters of credibility, the court here explicitly stated that it found Knox's testimony to be credible. *Erickson*, 202 Mich App at 331. Moreover, although Volosuk notes that Knox could not see exactly what McCarver wrote, if believed, Knox' testimony established that McCarver was writing out a will, given that he had just asked Knox if he was capable of writing a valid will on his own. Additionally, the presence of Knox's notary stamp on both the original and copy of the purported will corroborates her testimony. Volosuk does not explain how, if the document proffered by Azar was a forgery, the person responsible for the forgery was able to get the document notarized by Knox. In light of Knox's testimony, we are left with the definite and firm conviction that the trial court's finding was mistaken. *Bennett*, 255 Mich App at 549. Because the document met the requirements for a valid holographic will, the trial court erred when it refused to admit the will to probate and granted Volosuk's motion for involuntary dismissal. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, Azar may tax her costs. MCR 7.219(A).

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly

-3-