# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* PEARL FRANZEL IRREVOCABLE TRUST

---

MELISSA TIMMERMAN, Trustee of PEARL
FRANZEL IRREVOCABLE TRUST,

   Appellee,

v

RUSSELL FRANZEL,

   Appellant.

UNPUBLISHED
March 20, 2018

No. 335447
Sanilac Probate Court
LC No. 16-032103-TV

---

Before: MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

MURRAY, P. J. (*concurring*).

  I agree with the majority opinion that the trial court's decision and order should be affirmed. However, I would affirm exclusively on the basis of equitable estoppel. As the Pearl Franzel Trust argued to the trial court and argues to this Court,[1] this is a classic case where equitable estoppel applies. After an evidentiary hearing the trial court made findings of fact that appellant Russell Franzel agreed, both verbally and in writing, with the rest of the beneficiaries to modify the trust disbursements to be consistent with the intentions of the settlor. As a result of Russell's agreement (along with that of the other beneficiaries), trustee Timmerman distributed all of the trust assets (except certain assets designated for Russell Franzel) to the beneficiaries in accordance with the agreement. Russell Franzel made no objection before, during, or immediately after the agreement and disbursements were made, and the trustee acted pursuant to the agreement in distributing the assets. It was only several years later through this litigation that Russell objected. That is far too late, and to allow him to proceed in the face of his agreement – an agreement that justifiably induced Timmerman to act – would severely prejudice Timmerman. See, e.g., *Soltis v First of American Bank-Muskegon*, 203 Mich App 435, 444; 513 NW2d 148 (1994); *Preston v Granada Mgt Corp*, 188 Mich App 667, 672; 470 NW2d 411 (1991). Equitable estoppel precludes this action.

---

[1] Although the trial court made no findings on equitable estoppel, the Trust properly raises this argument in support of an affirmance.

For these reasons, I concur in the majority opinion's affirmance of the trial court's order.

/s/ Christopher M. Murray