# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* PEARL FRANZEL IRREVOCABLE TRUST

---

| | |
|---|---|
| MELISSA TIMMERMAN, Trustee of PEARL FRANZEL IRREVOCABLE TRUST, | UNPUBLISHED March 20, 2018 |
| Appellee, | |
| v | No. 335447 Sanilac Probate Court |
| RUSSELL FRANZEL, | LC No. 16-032103-TV |
| Appellant. | |

Before:  MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Following a bench trial, the probate court entered an order denying appellant Russell Franzel's request for reimbursement of trust funds distributed to Roger Franzel and for removal of appellee Melissa Timmerman as trustee. Appellant appeals as of right and we affirm.

This case arises from the beneficiaries and the trustee agreeing to amend the distribution of the trust after the settlor's death; the facts are mostly undisputed. In August 2007, Pearl Franzel established "The Pearl Franzel Trust" (the Trust). Pearl served as the initial trustee and Timmerman, Pearl's granddaughter, was named the successor trustee. The beneficiaries of the Trust were Pearl's six children (appellant, Roger Franzel, Ronald Franzel, Mary Lou Peruski, Susan Woodward, and Kay Peruski), and two grandchildren of a deceased child (Brian Franzel and Christine Franzel). Upon Pearl's death, Roger was to receive a piece of real property, while the other children and the grandchildren were to receive a proportional share of the Trust residue. It appears that the Trust's primary asset was an 80-acre farm.

Pearl passed away in January 2015. After her funeral, Timmerman was approached by the man who was leasing the farm. He offered to buy the farm for $600,000. Timmerman convened a meeting to discuss the offer and all of the beneficiaries were present, except one who participated by telephone. It was agreed that the offer would be accepted. However, at this meeting Woodward proposed that Roger be included in the distribution of the Trust's residue. She explained at the trial that "[a]fter my mom had set up the trust, several years later, she realized that things—that the land [presumably the 80-acre farm] was more valuable. And she

-1-

had asked me to make sure that Roger got the same share as everybody else, except for [appellant]."[1] In other words, it appears that when the Trust was created, Pearl deemed the piece of property that Roger was to receive as being roughly equal in value to the other sibling's shares of the Trust residue. But as the farm's property value increased, Roger's share of the Trust became inferior. Two of the beneficiaries, as well as Timmerman, testified that all the beneficiaries agreed to Woodward's proposal. Appellant maintained that he did not consent to the change. However, in February 2015, he undisputedly signed an agreement to that effect, as did Timmerman and the other beneficiaries.

In January 2016, Timmerman made the final distributions under the Trust. But, unlike the other beneficiaries, disbursements to appellant were discretionary. Under the terms of the Trust, Timmerman was to retain appellant's share and make payments to him that she, "in her sole and absolute discretion determines to be necessary for his health, welfare, and well being keeping in mind any other source of income he might have." At trial, Timmerman testified that she was providing appellant $700 a month.

In April 2016, appellant filed a petition seeking supervision of the Trust, removal of Timmerman as trustee, and an accounting of the Trust, as well as other relief. Appellant made numerous allegations of improprieties against Timmerman, including that she violated the terms of the Trust by amending the distribution of the Trust. By the time of the September 2016 trial, that was the primary issue before the probate court. Appellant also maintained that Timmerman had to seek court approval of any modification to the Trust under MCL 700.7411(1)(a) and that even if she had, the amendment to the Trust would not have been approved because it was inconsistent with the material purpose of the Trust. Appellant requested that Timmerman be removed as trustee and surcharged the amount of money "wrongfully" disbursed to Roger. At the trial, however, appellant clarified that he was seeking reimbursement from Roger and "not asking to surcharge [Timmerman]." Timmerman's primary argument was that appellant's claim was barred by the doctrine of equitable estoppel.

After the trial, the probate court issued an oral opinion denying appellant's requested relief. The court recognized that it was not being asked to construe or reform the terms of the Trust, but it could not ignore that the "overriding public policy is to give the intent of the drafter of the document what she wants." With that in mind, the court found that "based on the testimony," "it was [Pearl's] intent to reform this trust. That she wanted the children to receive the same approximate amount, with [appellant] to receive approximately double, the grandchildren to each receive by representation one-half of their deceased parent's share." The court then determined that "the agreement was entered into by all the individuals voluntarily" and "knowingly" and that "the modification or agreement that was entered was consistent with the material purposes of the trust and that by making those findings, I am conforming to the terms of what [Pearl's] expressed intent was." Thus, the court denied appellant's request for

---

[1] Under the terms of the Trust, appellant was to receive twice as much as his other siblings. That ratio was not changed by the subsequent amendment.

reimbursement. The court also denied the request to remove Timmerman as trustee, as "it does not appear to me that [she] has done anything wrong."

"[A]ppeals from a probate court decision are on the record, not de novo." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). After a bench trial, a probate court's factual findings are reviewed for clear error. *In re Bennett Estate*, 255 Mich App 545, 549; 662 NW2d 772 (2003). "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. A probate court's dispositional rulings are reviewed for an abuse of discretion. *In re Lundy Estate*, 291 Mich App 347, 352; 804 NW2d 773 (2011). "A probate court's decision whether to surcharge a personal representative or a trustee is also reviewed for an abuse of discretion." *In re Duane v Baldwin Trust*, 274 Mich App 387, 397; 733 NW2d 419, aff'd 480 Mich 915 (2007). An abuse of discretion occurs when the court "chooses an outcome outside the range of reasonable and principled outcomes." *Temple Marital Trust*, 278 Mich App at 128. We review de novo the interpretation of a trust. *In re Theodora Nickels Herbert Trust*, 303 Mich App 456, 458; 844 NW2d 163 (2013). Questions of statutory construction are also reviewed de novo. *Temple Marital Trust*, 278 Mich App at 128.

"[T]he Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, governs the application of a trust in Michigan." *In re Stillwell Trust*, 299 Mich App 289, 294; 829 NW2d 353 (2012). Under EPIC, a probate court has exclusive jurisdiction over proceedings that concern "the administration, distribution, modification, reformation, or termination of a trust[.]" MCL 700.1302(b). A probate court also has concurrent jurisdiction to "[h]ear and decide a claim by or against a fiduciary or trustee for the return of property." MCL 700.1303(h).

Appellant first claims that the probate court abused its discretion in denying him reimbursement of his share of Trust that was distributed to Roger under the beneficiaries' agreement. We note that, on appeal, appellant seeks reimbursement from Timmerman. But appellant has effectively abandoned this request by maintaining at trial that he was seeking reimbursement from Roger, not Timmerman. In any event, appellant fails to establish that the probate court abused its discretion in denying his requested relief.

We agree with appellant that the amendment violated the terms of the Trust. The Trust allowed Pearl to amend the terms during her lifetime but, under the circumstances, her statement to Woodward regarding Roger's distribution was ineffective to accomplish an amendment. See MCL 700.7602(3). The Trust also prohibited Timmerman from amending the terms. Although Timmerman may not have initiated the amendment, it is undisputed that her assent to the agreement was necessary. Indeed, the agreement begins by noting that "[t]his Agreement is made by and among MELISSA TIMMERMAN, Successor Trustee of the PEARL FRANZEL TRUST (Trustee), and the following persons who are heirs of Pearl Franzel and the beneficiaries of the Pearl Franzel Trust[.]" Thus, Timmerman was a party to the agreement that effectively amended the Trust. Therefore, she violated the terms prohibiting her from amending the Trust.

However, as we read the court's opinion, the court effectively approved the modification of the Trust under MCL 700.7411(1)(a), which provides as follows:

(1) Subject to subsection (2), a noncharitable irrevocable trust may be modified or terminated in any of the following ways:

(a) By the court upon the consent of the trustee and the qualified trust beneficiaries, if the court concludes that the modification or termination of the trust is consistent with the material purposes of the trust or that continuance of the trust is not necessary to achieve any material purpose of the trust.

We note that the probate court did not expressly reference MCL 700.7411(1)(a) in its ruling, but appellant raised the statute's relevance before the court and the court's ruling tracks the statute's language: "Now I do find that *the modification* or agreement that was entered into was *consistent with material purposes of the trust* and that by making those findings, I am conforming to the terms of what her expressed intent was." Therefore, we conclude that the probate court's ruling should be viewed as approving the modification of the Trust under MCL 700.7411(1)(a).

Appellant takes issue with the probate court considering Woodward's testimony in determining Pearl's intent regarding the amendment. When discerning the meaning of a trust, a court must give effect to the settlor's intent. *Herbert Trust*, 303 Mich App at 458. A court may only look outside the document to determine the settlor's intent if the terms of the trust are ambiguous. *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 693; 880 NW2d 269 (2015). In this case, however, the probate court expressly acknowledged that it was not being asked to construe the meaning of the Trust. Rather, it appears that the probate court determined Pearl's intent for the purpose of deciding whether the modification complied with MCL 700.7411(1)(a). Appellant does not provide any authority suggesting that the probate court erred by considering extrinsic evidence in determining the material purposes of the Trust. "On appeal, in order for the appellant to receive relief, it has the burden to demonstrate that the lower court erred as governed by the relevant standard of review." *Menard, Inc v City of Escanaba*, 315 Mich App 512, 521 n 3; 891 NW2d 1 (2016). Therefore, we decline to reverse the probate court on this ground.

Indeed, appellant does not acknowledge that the probate court made the required finding under MCL 700.7411(1)(a), arguing that a court would have likely denied a petition under that statute "because the purported amendments violate the material purpose of the trust because the amendments distribute monies to Roger Franzel at the cost of the remaining beneficiaries." Appellant does not elaborate on that position. But, fairly read, appellant suggests that a purpose of the Trust was for Timmerman to retain appellant's funds and make payment to him at her discretion. The amendment violated that purpose, appellant argues, because he was allowed to give a portion of his share to Roger. At trial, Timmerman testified that Pearl put the restrictions on appellant's share for two reasons: "One, mostly because she didn't want him to lose his Social Security benefits, or SSI, or whatever that was. And two to keep him from blowing it all." Even assuming that a purpose of the Trust was to prevent appellant's careless spending, we do not find that an agreement by all the beneficiaries and the trustee to include one of the sibling's in the distribution of the Trust's residue, at a purported cost of $14,441.22, falls into that category. Further, there is nothing in the record to suggest that the amendment had any effect on appellant's Supplemental Security income benefits. Thus, the probate court did not clearly err in finding that the modification was consistent with the material purposes of the Trust.

Appellant raises no other challenges to the probate court's ruling on this matter, and again, it was his burden to do so. See *Menard, Inc*, 315 Mich App at 521 n 3. We are not ruling that, as a matter of law, the probate court properly applied MCL 700.7411(1)(a) in this case.

-4-

Rather, appellant simply fails to present a persuasive argument for reversal. Aside from not identifying error requiring reversal in the probate court's MCL 700.7411(1)(a) ruling, appellant does not cite to any statute or caselaw supporting his request for reimbursement from Timmerman, which is his requested relief. "A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim." *Nat'l Waterworks, Inc v Int'l Fidelity & Surety, Ltd*, 275 Mich App 256, 265; 739 NW2d 121 (2007). To the contrary, "[t]he consent of a beneficiary to an act or omission of a trustee precludes the beneficiary from holding the trustee liable for breach of his fiduciary duty of trust." *Preston v Granada Mgt Corp*, 188 Mich App 667, 672; 470 NW2d 411 (1991). Ultimately, the probate court denied appellant's request for reimbursement. For the reasons discussed, appellant fails to establish that the probate court abused its discretion in making that determination.

Appellant also argues that the probate court abused its discretion in declining to remove Timmerman as trustee. We disagree. We review a probate court's decision on whether to remove a trustee for an abuse of discretion. *In re Duane*, 274 Mich App at 396.

"In MCL 700.7706(2), the Legislature comprehensively codified a detailed list of grounds containing specific requirements for the removal of a trustee." *In re Gerald L Pollack Trust*, 309 Mich App 125, 163; 867 NW2d 884 (2015). MCL 700.7706 provides, in relevant part:

> (1) The settlor, a cotrustee, or a qualified trust beneficiary may request the court to remove a trustee, or a trustee may be removed by the court on its own initiative.
>
> (2) The court may remove a trustee if 1 or more of the following occur:
>
> (a) The trustee commits a serious breach of trust.
>
> (b) Lack of cooperation among cotrustees substantially impairs the administration of the trust.
>
> (c) Because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the purposes of the trust.
>
> (d) There has been a substantial change of circumstances, the court finds that removal of the trustee best serves the interests of the trust beneficiaries and is not inconsistent with a material purpose of the trust, and a suitable cotrustee or successor trustee is available.

Appellant does not address MCL 700.7706 or identify a specific ground for Timmerman's removal. Instead, he relies on MCL 700.1308(1)(g), which allows a court to "[r]emove the fiduciary as provided in this act" when a fiduciary breaches a duty to a beneficiary. But "where a statute contains a general provision and a specific provision, the specific provision controls." *Gebhardt v O'Rourke*, 444 Mich 535, 542; 510 NW2d 900 (1994). Regardless, appellant's argument is without merit. Appellant maintains that the Trust required Timmerman to keep his share of the funds separate in a trust created under his name. The pertinent Trust provision

provides that "[a]ny share of the trust to be conveyed and delivered to [appellant], except for household furnishings and outdoor equipment, *shall be retained in trust* by the Successor Trustee for the benefit of [appellant] on the following terms and conditions[.]" That provision simply does not require the creation of a separate trust in appellant's name. Rather, Timmerman must hold appellant's share for his benefit.

Appellant also points to MCL 700.1212, which requires a fiduciary, in part, to segregate "assets held in the fiduciary capacity." MCL 700.1212(1). In this case, the probate court found that Timmerman "has held the funds separately." Appellant argues that that finding was erroneous "because through Melissa Timmerman's own testimony she admits that she is not holding money in [appellant's] name." As discussed, however, the Trust does not require Timmerman to hold appellant's share of the Trust in his own name. Thus, appellant fails to establish that the probate court's finding on this matter was clearly erroneous or that it abused its discretion in denying his request for removal.

Affirmed. Appellee is entitled to tax costs as the prevailing party. MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood