*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* LOWELL H. PETERSON TRUST.

JILL MITCHELL,

Appellant,

v

ANTONIO RUIZ, Trustee of the LOWELL H.
PETERSON TRUST,

Appellee.

UNPUBLISHED
January 21, 2021

No. 350490
Marquette Probate Court
LC No. 16-333340-TV

Before: REDFORD, P.J., and MARKEY and BOONSTRA, JJ.

PER CURIAM.

Appellant Jill Mitchell appeals by right the probate court's order denying her petition to remove appellee Antonio Ruiz as trustee of the Lowell H. Peterson Trust. Mitchell is a beneficiary and former trustee of the Trust. We affirm.

## I. FACTUAL BACKGROUND

Mitchell's father, Lowell H. Peterson, created the Trust in May 2008. The Trust was amended several times, including in May 2012, when it was declared that the Trust would become irrevocable upon Lowell's death. Lowell died in May 2015, and Mitchell was the successor trustee. Disputes soon arose between Mitchell and her brother—Lowell's son—Greg Peterson (GP). As a result of those disputes, the parties participated in facilitated mediation, and a confidential settlement agreement was reached between Mitchell and GP. In August 2017, the probate court entered a stipulated order pursuant to which litigation involving Mitchell and GP was dismissed with prejudice.

In February 2018, GP petitioned the probate court to reopen his father's file on the basis that Mitchell had agreed to resign as trustee after a successor trustee was appointed. But the

litigants had been unable to find a successor trustee.[1]  The probate court reopened the file and ordered the parties to find a mutually agreeable successor trustee.  In an April 2018 e-mail, Mitchell indicated that she was "fine" with having appellee Ruiz act as successor trustee.  As a result, Ruiz executed an acceptance of trust, the probate court terminated Mitchell as successor trustee, and Ruiz was formally appointed trustee.

In April 2019, Mitchell petitioned the probate court to vacate Ruiz's appointment as successor trustee.  Mitchell contended that Ruiz had violated his fiduciary duties by being unresponsive to Mitchell's various requests, failing to provide an accounting, failing to act as the contact person for the Trust's accounts, making a distribution from the wrong account, and by failing to file tax returns.  Mitchell further maintained that Ruiz's appointment as trustee was void because the probate court failed to determine whether his appointment violated any of the material purposes of the Trust.  Mitchell also filed a motion to sanction Ruiz.  During the pendency of a subsequent evidentiary hearing on the petition to vacate the appointment, Mitchell additionally filed a petition for declaratory judgment and a motion for summary disposition.

Following the evidentiary hearing, the probate court determined that Mitchell had failed to prove that Ruiz persistently mismanaged the Trust.  The court noted that while Ruiz had failed to file a tax return, the Trust's accountant testified that the failure had not harmed the Trust because it likely did not have any taxable income.  The probate court rejected Mitchell's motion for summary disposition and request for declaratory judgment on the basis that the court had decided and rejected the issues Mitchell had presented.

## II.  SUCCESSOR TRUSTEE

Mitchell argues, for a variety of reasons, that the probate court erred by appointing Ruiz as successor trustee and by declining to remove him as trustee.  This Court reviews de novo the interpretation and application of a statutory provision.  *In re Draves Trust*, 298 Mich App 745, 759; 828 NW2d 83 (2012).  "But appeals from a probate court decision are on the record, not de novo."  *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008).  We review a probate court's findings of fact for clear error and its dispositional rulings for an abuse of discretion.  *Id.*  The court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes.  *Id.*  "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding."  *In re Bennett Estate*, 255 Mich App 545, 549; 662 NW2d 772 (2003).

Mitchell's arguments that the probate court applied the wrong statute and legal standards are premised on her position that the court should not have appointed Ruiz successor trustee because doing so was inconsistent with the material purposes of the Trust.  The probate court ruled that Mitchell had not established or even identified the Trust's material purposes, much less show that appointing Ruiz as successor trustee had violated the purposes.

---

[1] Mitchell and GP located a person willing to accept the trusteeship but that individual then moved out of the area and could not act as successor trustee.

"Each party has the burden to prove its own cause of action." *Karbel v Comerica Bank*, 247 Mich App 90, 94; 635 NW2d 69 (2001) (quotation marks and citation omitted). When a party makes an allegation, the party has the burden to establish that allegation. *Id*. at 95.

When deciding Mitchell's petition to remove Ruiz as trustee, the probate court stated that "it does not appear, and has not been argued[,] . . . that the material purpose of the trust had been violated nor was it argued that there was a termination or modification of the trust." Mitchell petitioned to vacate Ruiz's appointment as trustee on the basis that the appointment violated the material purposes of the Trust.[2] She did not, however, indicate what those purposes were or how Ruiz's appointment violated them. Mitchell did not provide any evidence or arguments at the evidentiary hearing regarding the material purposes of the Trust. Mitchell's evidence and arguments at the hearing instead related solely to Ruiz's management of the Trust. We conclude that the probate court did not err when it ruled that Mitchell had not established the basis of her claims.

The remainder of Mitchell's arguments regarding the legal standards applicable to trust modification do not address the basis of the probate court's decision. This Court need not consider an issue that did not serve as the basis of the lower court's decision. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004). To the extent that Mitchell raises other arguments on appeal concerning which statute the probate court applied and whether the nonjudicial settlement agreement was relevant, these arguments do not address or regard the basis of the probate court's decision. Simply put, the probate court determined that Mitchell had not proven her case, and the record supports that ruling.

Mitchell also contends that the probate court should have removed Ruiz as trustee because he violated his fiduciary duties by failing to file taxes, failing to respond to Mitchell, and undertaking other actions contrary to his duties as trustee. Mitchell's arguments are without merit. At the evidentiary hearing, Mitchell only proved that Ruiz had failed to file taxes for the Trust. Because the Trust's accountant testified that the Trust likely did not owe taxes in light of its significant expenses, the probate court's rulings that the tax-filing failure had not harmed the Trust and that Mitchell had not proven persistent failures were not clearly erroneous.

Among other reasons, a probate court may remove a trustee when, "[b]ecause of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the purposes of the trust." MCL 700.7706(2)(c). Again, a party making an allegation has the burden to establish that allegation. *Karbel*, 247 Mich App at 95.

---

[2] We note that with respect to Mitchell's challenge of the initial appointment of Ruiz as trustee, the argument was waived considering that Mitchell specifically agreed to Ruiz's appointment. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Nonetheless, we shall continue with our analysis.

In this case, the probate court found that Mitchell had not provided evidence that Ruiz violated the duties of a trustee and that she had failed to present evidence that the Trust had been harmed or that Ruiz failed to administer the Trust effectively. The probate court's findings were not clearly erroneous. The Trust's accountant testified that he had not received tax documents from Ruiz for 2018, but it was fairly common for a trustee not to provide documents in a timely fashion.[3] The accountant also opined that he did not believe that the Trust had taxable income in 2017 or 2018 because it had significant expenses, including legal fees. We are not left with a definite and firm conviction that the probate court erred when it found that Mitchell had not established a persistent failure of Ruiz to effectively administer the Trust.

Mitchell next argues that the probate court erred by failing to rule on her petition for declaratory judgment and her motion for summary disposition. We reject Mitchell's argument because the probate court in fact addressed her petition for declaratory judgment and her motion for summary disposition in its order.

The party seeking reversal on appeal has the burden to provide the court with a record that establishes the factual basis of his or her argument. *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). In this case, Mitchell filed both her petition for declaratory judgment and motion for summary disposition while the probate court was conducting an evidentiary hearing on the merits of her petition to remove Ruiz as trustee. The petition for declaratory judgment and motion for summary disposition sought to remove Ruiz as trustee. In its order denying Mitchell's petition to remove Ruiz, the probate court addressed both the petition for declaratory judgment and the motion for summary disposition. The court explained that Mitchell was not entitled to declaratory relief or relief relative to the motion for summary disposition because the probate court had adjudicated the merits of Mitchell's petition to remove Ruiz as trustee and ruled against her. Accordingly, Mitchell's argument fails.

Finally, Mitchell argues that the probate court erred because there was no reason for her to argue "administrative issues" in her motion for reconsideration. The probate court had denied the motion for reconsideration because Mitchell presented the same issues on which the court had previously ruled. Mitchell's argument does not address the basis of the probate court's denial of her motion for reconsideration and, therefore, her argument is irrelevant and rejected.

## III. SANCTIONS

Mitchell next argues that the probate court should have sanctioned Ruiz for untruthful statements. Her argument lacks merit.

First, Mitchell contends that the probate court previously indicated that it would sanction Ruiz but then failed to do so. Mitchell misconstrues the record. After Ruiz failed to appear at a hearing, the probate court indicated that it would entertain a motion for Mitchell to recover her costs for appearing at the hearing. Mitchell did not file a motion to recover costs but instead filed

---

[3] We note that the Trust also failed to file taxes for 2017, that the accountant testified that he had not received the documents required to file taxes for 2017, and that *Mitchell* was the trustee at that time.

a motion in which she sought to sanction Ruiz for failing to appear. The probate court did not act contrary to its own statement.

Second, Mitchell argues that the probate court should have sanctioned Ruiz for making a false statement related to his failure to appear at an April 12, 2019 hearing. When Ruiz failed to appear at the hearing, the probate court indicated that its office staff had attempted to locate Ruiz to determine if he had been "held up." During the presentation of Mitchell's arguments, Ruiz's partner arrived at the hearing. The partner stated that he did not know anything about the matter and was not appearing for Ruiz at the hearing. He explained, however, that Ruiz did not have notice of the hearing because his secretary had not put the hearing on his schedule. In his affidavit, Ruiz averred that he had not received notice of the hearing on the motion. Mitchell provided a receipt for an envelope addressed to Ruiz that was signed for by a different person. The record thus appears to indicate that notice was sent to and received by Ruiz's office, but Ruiz was not personally made aware of the hearing. Under these circumstances, while notice was sufficiently delivered and an interoffice communication lapse does not excuse the failure to appear, we cannot conclude that Ruiz lied to the probate court. We conclude that the probate court did not err by declining to sanction Ruiz.

IV. BIAS AND TAMPERING

Mitchell next argues that the register of actions in her case was subject to tampering and that the probate court was biased against her. Mitchell did not preserve these arguments. To preserve an issue of judicial bias, a party must raise the claim before the trial court. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). Mitchell did not raise her judicial-bias argument in the probate court. Regarding Mitchell's record-tampering argument, she did not present it until her motion for reconsideration. An issue is not preserved if it is presented to the trial court for the first time in a motion for reconsideration. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Regardless, these issues do not warrant reversal.

Again, the party seeking reversal on appeal has the burden to provide this Court with a record that establishes the factual basis of his or her argument. *Elston*, 462 Mich at 762. In this case, the register of actions that Mitchell has provided us as an attachment to her brief on appeal is the same as the register of actions provided us by the probate court, except that Mitchell's register of actions includes actions taken after the August 26, 2019 order denying her motion for reconsideration. Mitchell has provided correspondence with the State Court Administrative Office to support her claim. We note that these documents are not part of the lower court record because they were not filed below. See MCR 7.210(A)(1). Regardless, they merely repeat Mitchell's allegations of tampering.

Even presuming that the register of actions contains incorrect dates regarding the filing of her petition for declaratory judgment and the date that it was scheduled to be heard, Mitchell has not established that any issue involving her declaratory-judgment petition is outcome-determinative. As previously discussed, Mitchell filed the petition for a declaratory judgment during an ongoing evidentiary hearing on her petition to remove Ruiz as trustee. Both petitions sought to rescind the order appointing Ruiz as trustee. Because the probate court decided the merits of the issue on which Mitchell premised her petition for declaratory judgment, Mitchell

cannot establish that she was prejudiced by any error—deliberate or otherwise—concerning the date the petition was filed or the date the hearing was scheduled.

Regarding Mitchell's assertion of judicial bias, she has abandoned this issue by failing to support it. Parties abandon issues on appeal if they "merely announce their position and leave it to this Court to discover and rationalize the basis for their claims." *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 633; 752 NW2d 479 (2008). Mitchell merely asserts that the probate court's actions appear to have constituted improper judicial interference undertaken with an improper motive. Mitchell has provided no factual basis or legal authority to support this assertion.

## V. CONSTITUTIONAL CLAIMS

Mitchell next argues that the probate court violated her constitutional rights to due process and equal protection. Her arguments lack merit.

To preserve an issue, a party must raise it in the trial court. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). These constitutional arguments are not preserved because Mitchell did not raise them in the probate court. Regardless, they are wholly without merit.

The Michigan and United States constitutions provide that no person shall be deprived of property without due process of law. US Const, Am XIV; Const 1963, art 1, § 17. Substantive and procedural due process offer different protections and require separate legal tests. *Bonner v City of Brighton*, 495 Mich 209, 223-224; 848 NW2d 380 (2014). Provided that a party has had grievances heard in a meaningful manner, the party "is not deprived of procedural due process because of an unsuccessful outcome in the proceedings." *Hanlon v Civil Serv Comm*, 253 Mich App 710, 724-725; 660 NW2d 74 (2002). Similarly, an argument that a governmental entity made an erroneous decision that violated state law is not sufficient to establish a substantive due-process claim. *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 202-203; 761 NW2d 293 (2008).

Mitchell's procedural and substantive due-process arguments are premised on her assertion that the probate court erred as a matter of law or otherwise failed to uphold the law. Because an unsuccessful outcome or erroneous decision does not provide the basis for a due-process claim, Mitchell's arguments lack merit. We also note that this was not a lawsuit against the probate court; there is no claim that Ruiz violated Mitchell's constitutional rights.

Mitchell also maintains that the probate court deprived her of equal protection of the law by applying the law differently to Mitchell as compared to other individuals. Mitchell has not established that she was treated differently from similarly-situated persons.

Both the Michigan and United States constitutions guarantee equal protection under the law. US Const, Am XIV; Const 1963, art 1, § 2. "The equal protection clauses of the Michigan and United States constitutions provide that no person shall be denied the equal protection of the law." *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 486 Mich 311, 318; 783 NW2d 695 (2010). Generally, a plaintiff must show that legislation treats a class of individuals differently from similarly situated groups on the basis of a suspect classification. *Id*. at 319. But a plaintiff

may bring a "class of one" claim. *Id*. A class of one claim "requires a plaintiff to show that it was actually treated differently from others similarly situated and that no rational basis exists for the dissimilar treatment." *Id*. at 319-320. A plaintiff must identify similarly situated individuals and provide an analysis of how the individuals were similarly situated. *Lima Twp v Bateson*, 302 Mich App 483, 503; 838 NW2d 898 (2013).

Mitchell argues that her ex parte motion was treated differently from GP's ex parte motion. Mitchell has not properly supported her argument because she has failed to analyze how she and her brother were similarly situated. Regardless, we note that Mitchell's ex parte motion and GP's ex parte motion were not the same. An ex parte motion is appropriate to prevent irreparable injury, loss, or damage that may be caused by the delay required to provide a party with notice before an order can be issued. MCR 3.207(B)(1). GP filed an ex parte motion to prevent an eviction that would occur the same day if the Trust did not pay his rent. Mitchell filed an ex parte motion to seek to prevent Ruiz from acting as trustee. The risk of irreparable injury caused by delay was not the same. The probate court did not apply the law differently or unequally when it granted GP's ex parte motion but denied Mitchell's ex parte motion. Moreover, as mentioned earlier, this was not a lawsuit against the probate court, and even if the court treated Mitchell and GP differently, and they were similarly situated, there still would be no legal basis to reverse the court's decision not to remove Ruiz as trustee.

We affirm.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Mark T. Boonstra